J. A. HARDY, Respondent, v. J. C. GRAHAM *et al.*, Appellants.

Kansas City Court of Appeals, June 3, 1895.

1. **Fraudulent Conveyances:** CHATTEL MORTGAGE: POSSESSION: OWNER. Whatever legal frailty there may be in a chattel mortgage is cured by the mortgagee's taking actual possession before levy by the mortgagor's creditors, and an instruction in this case using the word 'owner,' is *held* harmless, since the plaintiff was entitled to the possession.

2. **Instruction:** EVIDENCE: FRAUD. An instruction submitting the question of fraud in an original taking of a mortgage and a subsequent possession thereunder was properly refused, since there was no evidence to support it.

*Appeal from the Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED.

*H. L. Shannon* for appellant.

(1) The first instruction given for the plaintiff is erroneous, as misleading the jury, no evidence of absolute ownership having been offered and no definition being given by the court as to what ownership will support an action of replevin. (2) The court erred

in refusing to submit the question of fraud to the jury, as requested by the instruction asked by the defendants and refused by the court. In replevin the defendant can assail plaintiff's title for fraud under the general issue, and show such facts as would render plaintiff's title void and ineffective as against defendants'. *Chilton v. Lindsay*, 38 Mo. App. 57; *Christie v. Scott*, 31 Mo. App. 339; *Young v. Glasscock*, 79 Mo. 574; *Greenaway v. James*, 34 Mo. 326. Where extrinsic evidence of the fraudulent character of a conveyance is offered, that evidence should be submitted to the jury, who will determine, as a matter of fact, whether it is fraudulent or not. *Hewson v. Tootle*, 72 Mo. 632; *Johnson v. McAllister's Assignee*, 30 Mo. 327; *State v. Mueller*, 10 Mo. App. 87; R. S. 1889, p. 1252, sec. 5169; *Cordes v. Straszer*, 8 Mo. App. 61; *Meding v. Roe*, (N. J. Chancery, Nov. 5, 1894), 30 Atl. Rep. 587; *DeCourcy v. Little*, 19 N. J. Eq. 115; *DeCourcy v. Collins*, 21 N. J. Eq. 357; *Williamson v. Railroad*, 29 N. J. Eq. 311; *Button Co. v. Spielman*, 50 N. J. Eq. 120; *Martin v. Bowen*, 51 N. J. Eq. 452.

*A. H. Redding* and *T. B. Haughawout* for respondent.

The instructions for plaintiff were properly given. It is error to instruct upon a theory not justified by the evidence, or to assume facts not detailed in evidence. *Miller v. Railroad*, 90 Mo. 389; *Bank v. Overall*, 90 Mo. 410; Jones on Chattel Mortgages [4 Ed.], sec. 482.

ELLISON, J.—This action is replevin, in which plaintiff recovered judgment. It appears a firm of Moody & Eurit, desiring to enter into business, procured plaintiff "to stand good" for them, in the purchase of goods to the amount of $1,000. That in order to secure plaintiff against his liability for them, they

executed to him in November, 1892, a chattel mort-gage on their goods, stating the consideration at $1,200. Plaintiff did not record this mortgage until April, 1893. Moody having retired from the business, Eurit, finding that he could not meet his indebtedness, turned over the possession of the property to plaintiff on May 20, 1893, to secure him for what he was liable for, and the balance, if any, was to be paid to other creditors. Plaintiff took possession for this purpose, the testimony being that he did not take possession under the mortgage aforesaid; though plaintiff testified that under the advice of an attorney, he afterward (since this suit was instituted) advertised and sold the goods under the terms of the mortgage, himself becoming the purchaser, at the price of $760,—an amount equaling their cash value, though below what they would have invoiced. Plaintiff's liability at one time, including what he afterward assumed, was more than $1,000, though less than $1,200. At the time he received the goods, it was near $800.

The defendants are a constable and deputy constable, who each, on June 8, 1893, levied an execution on the goods in plaintiff's possession, on judgments which other creditors had obtained against Moody & Eurit.

We can not discover a reason why the judgment of the lower court should be disturbed. Indeed it seems to us that under the undisputed and conceded facts, the court might have instructed peremptorily for the plaintiff. Whatever legal frailty there was in the mortgage, was cured by the plaintiff's having taken actual possession before the levy by defendants. *Dobyns v. Meyer*, 95 Mo. 132. It matters not that plaintiff may not have been the absolute owner of the goods at the time of the levy by defendants. He was in possession, holding the goods as security for admitted liabilities of

Moody & Eurit to him then due. He had a right to retain that possession and to assert it against the defendants. The fact that the court used the word *owner*, in referring to plaintiff in the instructions, could not possibly have resulted in harm to defendants, since whether owner in the absolute and ordinary sense or not, he was entitled to the possession.

Defendants asked and were refused an instruction submitting to the jury the hypothesis of plaintiff having designed to cheat the creditors of Moody & Eurit by his original agreement with them, and that *in pursuance of such design*, he took possession of the goods. There was not a particle of evidence to base this upon and it was properly refused. There was no evidence of sufficient substance, to submit to the jury the question of fraud in fact. If plaintiff had not taken actual possession of the property, before the levy, and had stood on the mortgage, circumstanced as it was, *disconnected from an actual possession*, a question of fraud in law would have presented itself. But, as the case stands on the record presented here by the parties, the judgment could not well have been otherwise than it was. It is not necessary to set out here other points of objection made by defendants. The judgment will, therefore, be affirmed. All concur.