Elliott v. Washington.

---

ELLIOTT, Appellant, v. WASHINGTON, Respondent.

St. Louis Court of Appeals, May 11, 1909.

1. CHATTEL MORTGAGES: Possession by Mortgagee: Recording Mortgage. Section 3404, Revised Statutes 1899, providing that no mortgage or deed of trust of personal property shall be valid against any other person than the parties to it, unless possession of the mortgaged property is delivered to the mortgagee or trustee or *cestui que trust*, or unless the mortgage or deed of trust is recorded, etc., is not available to a person who claims title from none of the parties to the instrument, as a defense to an action by the mortgagee for the value of the mortgaged property.

2. ——: Laches: Notice. When a person in possession of mortgaged property, having purchased it from a person not the owner or party to the mortgage, is sued for the value of such property by the mortgagee, he cannot set up as a defense to such suit the laches of such mortgagee in not taking possession of the property or recording the mortgage where it appears that the mortgagee gave such person in possession written notice of his claim.

3. ——: Exemptions. Sections 3159 and 3164, Revised Statutes 1899, regarding exemptions of personal property do not refer to mortgaged property and do not exempt it from the lien of a mortgage either upon claim of the head of a family or of his wife when he is absent.

Appeal from Lincoln Circuit Court.—*Hon. Jas. D. Barnett*, Judge.

REVERSED AND REMANDED.

*W. A. Dudley* for appellant.

*Avery, Young & Woolfolk* for respondent.

GOODE, J.—Action instituted before a justice of the peace for the sum of $125 alleged to be the value of a mare, which was the property of plaintiff and was unlawfully converted by defendant to his own use. The animal was an iron-gray mare, three years old, which had belonged previously to Garrett Delaney. Said owner had executed a chattel mortgage on her to plaintiff, dated July 1, 1905, to secure a note of the same date for $191.90. The mortgage also embraced other property, and never was recorded. Delaney and his wife had lived on a farm in Lincoln county, but after the execution of the mortgage he got into some trouble with the public authorities, the nature of which is not revealed, and left the country. Before this occurred his wife had gone to St. Louis, but she returned to the farm after her husband absconded. Plaintiff went there to get the mare under the mortgage and found Mrs. Delaney in possession. She was using the animal in the cultivation of her crops, and plaintiff agreed to leave the mare for that use on the understanding Mrs. Delaney would later turn over to plaintiff the crop and some cattle of her own in payment of the note her husband owed, as far as the value of the properties would go. There were some other terms in this agreement not necessary to be stated. Mrs. Delaney did not comply with the agreement and when the crop matured plaintiff took possession of the mare with Mrs. Delaney's consent, or rather she sent the mare to plaintiff; but the animal escaped from his pasture after a few days and went back to the Delaney farm. In October, 1906, Mrs. Delaney proposed to sell her to defendant John Washington for $75. Washington had heard about the chattel mortgage held by plaintiff and would not buy until Mrs. Delaney procured a certificate from the recorder of deeds of the county that

o

there was no such chattel mortgage on file. Thereupon Washington bought the animal and later, in May, 1907, sold her. On November 22, 1906, before he had either sold her or paid Mrs. Delaney for her, plaintiff notified him in writing that he (plaintiff) claimed the animal under his mortgage. The party who bore the message was told by Washington that if plaintiff claimed the mare he ought to institute an action to recover her. The court refused to declare plaintiff was entitled under the evidence to recover, or that if Delaney was the owner of the mare at the time the mortgage was executed and part of the debt secured by the mortgage was unpaid, the verdict should be for plaintiff for the amount remaining due on said debt; provided, if the debt exceeded the value of the mare, the verdict should be for her value at the time Washington sold her. A declaration was given to this effect; if the court found Mrs. Delaney had no title to or interest in the mare, the purchase by defendant from her would constitute no defense. The court found the issues for defendant and the present appeal was prosecuted.

1. For aught that appears in the record Delaney was the owner of the mare when he gave the mortgage to plaintiff, and there was nothing in proof which tends to show Mrs. Delaney owned any interest in the animal at any time. Counsel for defendant rely mainly on plaintiff's omission to file his mortgage for record, contending that being unrecorded and unaccompanied by delivery of the mare, it was invalid as against all persons except plaintiff and Delaney. They cite in support of this proposition the statute which says no mortgage or deed of trust of personal property shall be valid against any other person than the parties to it, unless possession of the mortgaged property is delivered to and retained by the mortgagee or trustee or *cestui que* trust, or unless the mortgage or deed of trust be acknowledged or proved and recorded in the county in which the mortgagor or grantor resides, etc. [R. S. 1899, sec. 3404.]

Defendant is in no position to invoke the protection of this statute; for he claims no interest either derived from Delaney, the mortgagor, or having relation in any way to Delaney's title. The statute, though broad in its language, does not deprive a mortgagee of personal property who has failed to record his mortgage or take possession of the property of every right under his instrument, no matter what the circumstances are or who is asserting a hostile claim. This defendant bought from Mrs. Delaney who had no title of her own to sell and no power to sell her husband's. Defendant as the purchaser of such a title, or rather of no title, is in no better position to attack the mortgage because it was not recorded, or possession of the property given to the mortgagee, than Delaney himself would be in. [Johnson v. Jeffries, 30 Mo. 423; Carroll Exch. Bank v. Bank, 50 Mo. App. 92.] Moreover, plaintiff had taken possession of the mare before defendant purchased, thereby making the mortgage title good against the latter. [Hardy v. Graham, 63 Mo. App. 40; Halderman v. Singleton, Id. 212.] After this change of possession the animal escaped from plaintiff's pasture and wandered back to the Delaney farm, whereupon Mrs. Delaney sold her to defendant.

2. An estoppel is invoked against plaintiff on the score that his laches in omitting to record his mortgage or take possession of the property, enabled defendant to be imposed on regarding the title. There is no semblance of merit in this contention, for defendant was notified in writing of plaintiff's interest before a dollar had been paid by him (defendant) on the price of the mare.

3. A further contention is that as Delaney had absconded his wife might claim the animal exempt from execution under the provisions of sections 3159 and 3164. Those statutes have no reference to a case of mortgaged property and do not undertake to exempt

137 App.—34

it from the lien of a mortgage, either upon the claim of a husband as head of the family, or of his wife when he had absconded.

The judgment is reversed and the cause remanded. All concur.