JOSEPH N. JOHNSON, Respondent, v. BROWN BROTHERS IRON & METAL CO., a Corporation, Appellant.

Kansas City Court of Appeals, June 13, 1921.

1. **REPLEVIN: Burden on Plaintiff to Show That He is Entitled to Possession as Must Recover on Strength of His Own Title.** In a replevin action, the burden is on plaintiff to show that at the time the action was instituted, he was entitled to possession of the property, and the burden is not on the defendant to show title as plaintiff must recover on the strength of his own title.

2. **CHATTEL MORTGAGES: Title: Possession: Conversion: Purchaser of an Automobile from One Without Title Cannot Assert Invalidity of Chattel Morgage Because Unrecorded.** Unless a mortgage was invalid as to defendant because unrecorded, plaintiff had a right to the possession of an automobile to prevent the destruction of his security, and where defendant had no right or

interest in car, but asserted ownership over it, refused to deliver possession thereof and was on point of junking it, defendant was guilty of conversion.

3. **PERSONAL PROPERTY**: Possession: Ownership: Presumptive Evidence: Proof: Possession of Personal Property Prima-facie Proof of Ownership. Possession of personal property prima-facie proof of ownership and presumptive evidence that possession is rightful.

Appeal from the Circuit Court of Jackson County.—*Hon. Allen C. Southern,* Judge.

AFFIRMED.

*T. A. Whitten* and *Harry Howard* for respondent.

*Achtenberg & Rosenberg* for appellant.

TRIMBLE, P. J.—This was an action, originating in the justice court, to replevin an automobile. Upon a judgment being rendered for plaintiff assessing the value of the automobile at $300, the defendant appealed to the circuit court where a jury was waived and the case was tried by the court. Judgment was rendered for plaintiff that he was entitled to the possession of the automobile, assessing the value thereof at $250, and that defendant return the automobile to plaintiff or pay him the assessed value thereof. at the latter's election. No declarations of law or findings of fact were asked or given.

It appears that plaintiff sold the automobile to one *Leslie B.* Walters on the 22nd day of May, 1919, and he gave a chattel mortgage thereon to plaintiff for the purchase price.

The defendant is a dealer in junk, and on May 26, 1919, four days after plaintiff's chattel mortgage was given, defendant got possession of the car. The evidence is not as full and clear as. it might be as to the circumstances under which defendant got it. All that it shows is that the car was "out on the Paseo" but "not

in a running condition. It had to be towed in'' to defendant's yard or place of business; and that late in the afternoon of May 26, 1919, one *Roy* Walters, in the office of defendant made a bill of sale for the car to defendant and received a check for $42.50.

The next morning defendant, having heard of the transaction, went to defendant's office, notified them that he held a chattel mortgage on the car and demanded it but was refused possession. Defendant bought the car for junk which means that they would wreck it or take it apart and sell the material for junk. Defendant's evidence was not very definite as to the condition the car was in save that it was not in a running condition, that, for junk purposes it was worth around $50, and that after wrecking it and converting it into junk it would be worth around $70. Plaintiff's evidence is that when it was seized under the replevin writ the car looked all right and would run well except that the pin in the cranking shaft where the crank would be put on would slip out and then the motor could not be made to turn over; that as an automobile it was worth in the neighborhood of $300 and at least $250.

Immediately upon being notified by plaintiff of his chattel mortgage, defendant notified the bank to stop payment on the check and when it reached the bank in regular course of business, the bank refused payment, writing across the face of the check ''payment refused.'' Defendant also endeavored to find the man, Roy Walters, to whom they had given the check, but was unable to find him as he had left town. Defendant did not know him, had never seen him before and, made no investigation as to his title to the car when they took the bill of sale and gave him the check, though they said their custom was to do so where the car was in too good a condition to be junked.

On May 29, 1919, plaintiff brought this replevin action and seized the car but defendant gave a redelivery bond and kept it.

After the service of the writ upon the defendant, it notified the bank that it could pay the check, the defendant's reason for doing so being that the correspondent bank to whom Roy Walters had presented the check had paid the cash on it at the time or before the drawee bank was notified.

The plaintiff had not yet recorded his chattel mortgage when the defendant obtained possession of the automobile. And defendant's contention is that, under section 2256, Revised Statutes 1919, which provides that an unrecorded chattel mortgage shall not "be valid against *any other person* than the parties thereto" unless possession be delivered to the mortgagee, the plaintiff has no interest in or title to the property sufficient to give him a right to possession.

The trouble with this contention is that, under the record in this case, and the inferences to be drawn from the evidence, the defendant did not purchase the car from anyone having any interest in or title to the car. As said in Elliott v. Washington, 137 Mo. App. 526, 529: "The statute, though broad in its language, does not deprive a mortgagee of personal property who has failed to record his mortgage or take possession of the property of every right under his instrument no matter what the circumstances are or who is asserting a hostile claim. This defendant bought from Mrs. Delaney who had no title of her own to sell and no power to sell her husband's. Defendant as the purchaser of such a title, or rather of no title, is in no better position to attack the mortgage because it was not recorded, or possession of the property given to the mortgagee, than Delaney himself would be in."

In Landis v. McDonald, 88 Mo. App. 335, 339, it is said: "Broad as this statutory phrase, 'any other person' is, it does not apply to strangers; and one claiming the mortgage to be void must have some right to, or claim upon, the mortgaged property."

It is true, in a replevin action, the burden is on plaintiff to show that at the time the action was instituted, he was entitled to the possession of the property, and the burden is not on the defendant to show title. Plaintiff must recover on the strength of his own title. [Leete v. State Bank of St. Louis, 141 Mo. 584.] But in this case, unless the mortgage was invalid as to defendant because unrecorded, plaintiff had a right to the possession of the automobile to prevent the destruction of his security which would have been accomplished by its being junked. Defendant obtained no right or interest in the car, yet it asserted an ownership over it, refused to deliver possession thereof and was on the point of junking it, and was thereby guilty of a conversion. [11 C. J. 592.] The evidence in the case is sufficient to support the reasonable inference that Roy Walters had no title to convey to defendant, and as the latter acquired no interest therein, it was not in a position to assert the invalidity of the chattel mortgage merely because it was not recorded.

It is also true that the possession of personal property is prima-facie proof of ownership and presumptive evidence that possession is rightful; but there is no evidence that Roy Walters ever had possession of said car; and as heretofore stated the inference arising from the evidence disclosed in the record support the conclusion, evidently reached by the trial court, that, if he ever had possession of the car, it was wrongful and without basis of ownership or title, and that defendant had nothing but the bare possession of a car which was worth from $250 to $300 for which they gave a total stranger $42.50 to give a bill of sale.

The judgment is affirmed. All concur.