**In re ZERO REFRIGERATOR LINES, Inc.**

No. 15013.

District Court, W. D. Missouri, W. D.

May 12, 1939.

Harry B. Jenkins, of Kansas City, Mo., for Warren S. Earhart, trustee.

Stephen O. Slaughter, of Kansas City, Mo., for chattel mortgage holder.

Harold D. Thomas, of Kansas City, Mo., for debtor.

REEVES, District Judge.

The only question presented in this case is whether a chattel mortgage regularly executed and recorded lost its validity when the property affected or covered was sold to a third person with the knowledge and consent of the mortgagee.

The facts in the case are that on July 30, 1936, a partnership, being then the

owner of certain property, executed a mortgage thereon to secure an indebtedness in the sum of $7,500. Such mortgage was recorded on the same day. On October 1, 1936, the property covered by the mortgage was transferred by the partners to the bankrupt, which undertook to assume the obligations of the mortgage. Apparently this instrument transferring the property was not recorded. On August 6, 1937, the mortgagee was definitely advised of the transfer and acquiesced therein.

On the 20th of December, 1937, an involuntary petition in bankruptcy was filed. This was followed on December 22, 1937, by the appointment of a receiver, and at a later date by the selection of a trustee by the creditors.

It is asserted by the trustee that the mortgage was invalid as to him and the creditors he represents, and he sought before the referee to have the property turned over to him by order upon the mortgagee.

On the same day that the receiver was appointed, mortgagee seized the property under his mortgage given by the partnership, and now claims he is invested with title. The referee in bankruptcy so held, and the trustee has taken conventional steps for a review.

█ 1. It is the rule in Missouri that the sale of mortgaged property with the consent of the mortgagee invalidates the lien. Moffett Bros. & Andrews Commission Co. v. Kent, Mo.Sup., 5 S.W.2d 395; Van Sant v. Austin-Hamill-Hoover Livestock Commission Co., 221 Mo.App. 1096, 295 S.W. 506.

It follows that a purchaser takes title free of the lien. National Bank of Commerce v. Morris, 125 Mo. 343, 28 S.W. 602.

If, of course, the purchaser takes the property subject to the lien, the mortgage would be good as between him and the mortgagee, but not as to creditors, unless such instrument was also recorded.

█ The evidence before the referee indicates that the mortgagee did not know of the transfer until August 6, 1937. At that time he accepted the arrangements and recognized the bankrupt as his debtor. He did not take steps to obtain a new chattel mortgage or to cause such recordation of the transfer instrument so as to advise the public of the facts. Under such circumstances the mortgage was an invalid one as to creditors, although doubtless good between the bankrupt and the mortgagee.

█ 2. The mortgagee relies upon the fact that the property involved, being motor vehicles, was not registered under the state law by the new owners. This is a supervisory requirement of the state authorities and would not affect the right or title of individuals in the motor vehicles not properly registered.

█ 3. The mortgagee relies upon the principle announced in Hardy v. Graham, 63 Mo.App. 40. The opinion in that case was written by Judge Ellison of the Kansas City Court of Appeals. He merely adheres to the recognized rule in Missouri that a creditor may be preferred, and, that if able to obtain the property before its seizure under process, he can hold it for his debt. That is what was done in the case relied upon.

The rule in bankruptcy, however, overrides the state rule. It is not permissible to prefer a creditor within four months of bankruptcy. While the seizure by the mortgagee of the property before levy of execution would have been good under the state law, it is void in this proceeding.

It follows that the referee in bankruptcy should have granted the application for a turn-over order as requested by the trustee. His order is reversed, therefore, and the application of the trustee will be granted. An appropriate order will be prepared and presented by counsel for the trustee.