and that fixes the time at thirty days. We are also of opinion, from the whole record, that the proceedings by *Hausman* was for the purpose of becoming a party to the action, as provided in favor of any creditor. *Id.* p. 147. Such being the fact no notice, other than in that action was necessary.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*N. B. & C. Taylor*, for the appellant.

*J. Caven*, for the appellees.

———◅◆▻———

## THE STATE *v.* HAYS.

MARRIED WOMEN—CRIMINAL LAW AND PRACTICE.— The wearing apparel of a married woman, furnished by her husband as a marital duty, remains his personal property during his life, and he can sell it or give it away during that period, but she may retain such as she may have at his death as her paraphernalia; and an indictment, for the stealing of such apparel, during the husband's life, charging it to be the property of the wife, can not be sustained.

APPEAL from the *Miami* Circuit Court.

PERKINS, J.—*Margaret Hays* was indicted for stealing certain articles of clothing, such as dresses, &c., charged to be the property of *Matilda Risinger*.

The Court instructed the jury, that, if they found that the goods stolen were articles of wearing apparel of *Matilda Risinger*, and that she was, at the time of the theft, the wife of *John Risinger*, and said goods were simply provided for her by her husband, under the legal obligation of husbands to support their wives, and were not specially presented to her as a gift, then the goods were not her separate property, but

Reveal v. Conner et al.

were the property of her husband, and the indictment could not be supported, &c.

The instruction was right. The wearing apparel of a married woman, furnished by her husband as a marital duty, remains his personal property during his life, and he can sell it or give it away during that period, but she has a right to retain it after his death, as her paraphernalia. Bouvier's Dic. h. t.; Wharton's do. h. t., and authorities cited.

*Per Curiam.*—The judgment is affirmed, with costs.

*Oscar B. Hord*, Attorney General, and *T. C. Whiteside*, for the appellant.

———————⋄⋄———————

REVEAL *v.* CONNER *et al.*

PLEADING—PRACTICE.—The statute which requires, that "when any pleading is founded on a written instrument, or on account, the original, or a copy thereof, must be filed with the pleading," is imperative. 2 G. & H. 104, § 78. And, if a complaint is defective in this particular, it will be demurrable, and, if not demurred to, and a verdict is rendered thereon in favor of the plaintiff, yet judgment can not be rendered in his favor over a motion in arrest, and, if neither a demurrer nor a motion in arrest is interposed, still, the error will be available in this Court on appeal. 2 G. & H. 77, § 50; *id.* 81, § 54.

APPEAL from the *Hamilton* Common Pleas.

HANNA, J.—Suit against appellant and two others, charged as makers of a promissory note. Appellant answered in denial. Trial, finding and judgment for the plaintiffs, over a motion for a new trial and in arrest.

There is but one point made in the brief of appellant, and that is, that the judgment should have been arrested, because