## WHEELER *vs.* ALLEN.

Where scrip, purchased by a person as agent for another, is taken in his own name, and has stood in that way, on the books of the corporation, for several years, it is a legal inference that it was by consent or permission of the principal. A demand and refusal, in such a case, to *transfer,* will not give the principal the title to the scrip; and possession, without a transfer, would be of no avail to him.

A party cannot recover scrip of which the legal title is in the defendant by his permission, in an action of *replevin,* or the corresponding action of *claim and delivery.* If such party desires the identical scrip, his remedy is in equity. If he desires damages, only, he can, *it seems,* maintain an action on the case.

A verdict and judgment, in form, as if the action were on the case, are wholly unwarranted in an action for the claim and delivery of personal property.

APPEAL from a judgment entered on the verdict of a jury, and from an order denying the defendant's motion for a new trial. The complaint alleged that the defendant had become possessed of, and wrongfully detained from the plaintiff, the following goods and chattels of the plaintiff, that is to say: Securities (partially written and partially printed) known as "scrip of the Great Western Insurance Company," in and of the city of New York; one portion of said securities being of the value and amount of the sum of thirteen hundred and ten dollars of said scrip, issued by the said company in the year eighteen hundred and sixty-four, and the remaining portion thereof being of the value and amount of the sum of thirty-five hundred and seventy dollars of said scrip, issued by said company in the year eighteen

hundred and sixty-five, of the value of four thousand eight hundred and eighty dollars. Wherefore the plaintiff demanded that the defendant might be adjudged to deliver to the plaintiff the said goods and chattels, and to pay the plaintiff damages for the detention thereof, to the sum of one thousand dollars, and that the same might be forthwith delivered to the plaintiff.

The answer was a general denial.

On the trial it was proved that the defendant purchased the scrip in question as the plaintiff's agent, in his own name, and the scrip stood in his name, on the books of the company, for several years, the dividends paid from time to time being received by the defendant and credited to the plaintiff. A demand and refusal to transfer the stock to the plaintiff, before suit brought, were proved.

The jury found a verdict generally for the plaintiff, assessing the value of the scrip at $4067.10, and the damages at six cents, and judgment was rendered for that sum, with costs, ($231.09,) amounting, in the whole, to $4298.25.

The defendant appealed. ·

*Wm. Henry Arnoux,* for the appellant.

*Wm. A. Coursen,* for the respondent.

*By the Court,* LEONARD, P. J. This action cannot be maintained. The scrip was held by the defendant, on the books of the Great Western Insurance Company, in his own name. The legal title was in him. As the scrip stood in that way for several years, it is a legal inference that it was by the consent or permission of the plaintiff. A demand and refusal to *transfer,* did not give the plaintiff the title to the scrip. Possession of the scrip, without a transfer, would be of no avail to the plaintiff. · All that the plaintiff could recover (assuming that he could maintain replevin) would be the possession of that which would not avail him,

viz : scrip standing in the name of Allen. Such a recovery would be nugatory. But the plaintiff cannot, in my opinion, recover scrip of which the legal title is in the defendant by his permission, in an action of replevin ; or of claim and delivery, which is an action of the same legal nature.

If the plaintiff desires the identical scrip, his remedy is in equity. If he desires damages only, he can, perhaps, maintain an action on the case.

The verdict and the judgment here are in form, as if the action were on the case ; but are wholly unwarranted in an action for the claim and delivery of personal property.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

[NEW YORK GENERAL TERM, June 3, 1867.   *Leonard, Clerke* and *Welles*, Justices.]