### SIDNEY S. SMITH v. JOSEPH ABAIR.

*Husband and wife—Ownership of wearing apparel.*

A husband has a sufficient title to the wearing apparel purchased
by his wife with his money to enable him to maintain replevin
against an officer who seizes it upon a tax warrant in satis-
faction of a tax assessed against the wife upon her separate
property.

Error to Saginaw. (Edget, J.) Argued June 4, 1891.
Decided July 28, 1891.

Replevin. Defendant brings error. Affirmed. The
facts are stated in the opinion.

*Harris & Kendrick,* for appellant.

*Trask & Smith,* for plaintiff.

MCGRATH, J. This cause was commenced in justice's
court, and appealed to the circuit court, where plaintiff
had judgment.

The defendant, who was marshal of the village of Car-
rollton, received a tax warrant running against plaintiff's
wife, for the collection of a tax amounting to $21 or $22, and
under this warrant he seized and took away a long list of
articles of personal wearing apparel belonging to Mrs.
Smith. Some of this had been purchased by her prior
to the marriage, and others had been purchased after
marriage, in the ordinary course of purchases by the
wife.[1] The replevin is brought by the husband only as

---

[1] Mrs. Smith testified as follows: "All the articles replevied in
this suit were purchased with money furnished by my husband.
Some of the least valuable articles I may have purchased without
consulting my husband, but anything that amounted to much I
always consulted my husband about buying, and he would furnish
me the money to buy it with. He furnished all the money with
which the clothes were purchased that were replevied in this suit."

to such articles as were purchased after the marriage. The balance of the property, purchased by the wife before the marriage, was treated as her separate property, and was left in the hands of the marshal.

The main question is whether the husband has the title to the wife's wearing apparel so that he can maintain replevin, as between himself and the marshal.

The learned circuit judge before whom the cause was tried filed a written opinion, in which he said:

"The statutes of the State have made no change in the common-law rule that the obligation to furnish the wife with her wearing apparel, the same as in the case of a man with minor children, is imposed upon the husband still, and, as in the case of a man with minor children, the wearing apparel belongs to the husband, as between himself and a third person who undertakes to remove it."

We fully concur in that opinion. If the articles of clothing and personal ornament appropriated for the wife are purchased with the husband's money, or upon his credit, the fact that they are selected or purchased by her, and are intended for her personal and exclusive use, does not render them any the less his property, as against third persons. He may insure it as his own property, and it cannot be that the law imposes an obligation upon him to furnish or restore it, and that he cannot prevent its taking upon an execution running against his wife. The purchase of the property for her use is no more a gift to her than is the purchase of apparel for a minor child such a gift to that child as would divest the parent of a right to recover it from a third person.

The statute of distribution of estates of intestates, re-enacted since the married woman's act, provides that the widow shall be allowed all her articles of apparel and ornaments. This would indicate that, without such a provision, these articles would constitute a part of deced-

ent's estate, and would be liable, as such, to be sold for the payment of his debts. *State v. Hays,* 21 Ind. 288; *Hawkins v. Railroad Co.,* 119 Mass. 596; *Curtis v. Railroad Co.,* 74 N. Y. 116; *State v. Pitts,* 12 S. C. 180; *Pratt v. State,* 35 Ohio St. 514.

The judgment is affirmed, with costs.

Morse, Long, and Grant, JJ., concurred with McGrath, J.

Champlin, C. J. I concur in the result.