LEETE, *Appellant*, v. STATE BANK OF ST. LOUIS. (No. 2.)

In Banc, November 30, 1897.*

1. **Replevin:** MARRIED WOMAN'S ACT. In an action of replevin to re-cover bonds bought by a husband in his own name with money which was bequeathed to his wife by her father, on the ground that the money was a part of her separate estate and had not been given to him by a writing, it is *held*, that, as the death of the father and the marriage both occurred prior to the enactment of the married woman's act of 1875 (R. S. 1889, sec. 6869), the money, under the law then in force, was cast upon the husband by the marriage and afterward belonged to him, and hence she could not recover.

2. ———: ———: RETROSPECTIVE STATUTE. The married woman's act of 1875 (R. S. 1889, sec. 6869), giving to married women separate estates in certain personal property, does not apply to marriages which occurred prior to 1875.

3. ———: ———: PARTIES. Plaintiff can not recover in replevin unless the title to the property is in him. He must recover on the strength of his own title and not on the defects in defendant's title.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*E. T. & C. B. Allen* for appellant.

*Noble & Shields* and *George R. Lockwood* for respondent.

(1) The plaintiff must recover, if at all, through the strength of her own title. *Stonebraker v. Ford*, 81 Mo. 535. (2) That the plaintiff has no title to the bonds in question as against the defendant bank is *res judicata* in this case. *Leete v. Bank*, 115 Mo. 184;

---

* NOTE.—Decided in Division Two, May 25; transferred to Court *in banc* and division opinion approved November 30, 1897.

*Dowling v. Allen*, 102 Mo. 213; *Keith v. Johnson*, 109 Mo. 130; *Hickman v. Link*, 116 Mo. 127; "The Law of the Case," 42 Cent. L. J. 90 (January 31, 1896); *Arnold v. Willis*, 128 Mo. 150; *Robards v. Murphy*, 64 Mo. App. 90; *Walton v. Fudge*, 63 Mo. App. 56. (3) This court has also decided that the clause in section 6869 (3296, R. S. 1879, with amendments), applies to the separate property of the wife, and not that which the husband has acquired through his common law marital rights. *Gabriel v. Mullen*, 111 Mo. 119. (4) To construe this statute as appellant asks, would depart from the rule whereby words are given their natural meaning and applied to the subject-matter of the enactment; and would also conflict with the construction this court has already given the act, and indeed, the particular clause mentioned. *Straus v. Rothan*, 102 Mo. 261; *Barton v. Sitlington*, 128 Mo. 164.

IN DIVISION TWO.

SHERWOOD, J.—Action of replevin for four bonds. These bonds were bought by plaintiff's husband with funds which came from plaintiff's father's estate. Plaintiff's father died in 1870, testate, and her marriage occurred in 1871, and the bonds were purchased by him in his own name.

This cause, though not to be found in our reports, yet was decided at the same term that a case between the same parties was decided, reported in 115 Mo. 184 (see 21 S. W. Rep. 793), and as to the constitutional question involved, is governed by the same considerations as those which prevailed in the former case.

This being so, renders it needless to discuss any question respecting the force and effect of section 6869, *supra*, since in the view we have taken of the matter, as well now as at a previous time, that section has for

constitutional reasons no retrospective effect, and consequently no bearing on the present case. *Arnold v. Willis*, 128 Mo. *loc. cit.* 150.

But aside from the foregoing remarks, plaintiff can not recover in this action for the reason that the legal title to the bonds is not in her, and she is therefore not entitled to the immediate and exclusive possession, and must recover on the strength of her own title and not on the defects in the title of her adversary.

This is elementary law. *Turner v. Langdon*, 85 Mo. *loc. cit.* 441, and cases cited; *Stonebraker v. Ford*, 81 Mo. 532.

For these reasons we affirm the judgment. All concur.

IN BANC.

PER CURIAM.—The foregoing opinion, prepared by Judge SHERWOOD while this cause was in Division Two of the Supreme Court, is hereby approved and adopted as the opinion of the court *in banc*. The judgment is accordingly affirmed. GANTT, MACFARLANE, BURGESS, ROBINSON, and BRACE, JJ., concurring with Judge SHERWOOD in the said opinion and judgment. BARCLAY, C. J., dissents.