ETHEL· FARROW, respondent,

*v.*

WILLIAM FARROW, JR., appellant.

[Submitted November 20th, 1906. Decided March 4th, 1907.]

1. A gift of personal property from husband to wife must be clearly proved. There must be clear and convincing evidence of a delivery of the property by the husband with the intention of divesting himself of all dominion and control of it, and of vesting title in the wife.

2. The common-law rule that "suitable ornaments and wearing apparel of a married woman, which come to her through her husband during coverture, remain his personal property during his life, and he may sell and dispose of them during his life," has not been abrogated by our Married Woman's act (*Gen. Stat. p. 2012*), or by any other statutory provision.

On appeal from a decree of the court of chancery, advised by Vice-Chancellor Grey.

*Mr. Howard Carrow,* for the appellant.

*Mr. James M. E. Hildreth,* and *Mr. Charles H. Edmunds* (of the Philadelphia bar), for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from a decree of the court of chancery.

The bill was filed by Ethel Farrow, the respondent, against her husband, William Farrow, Jr., the appellant, who was living apart from her, for the recovery of the possession or the value of one solitaire diamond ring, one turquoise ring with sixteen small diamonds around it, and one pair of diamond earrings, that were in the .possession of the wife at the time her husband separated from her, and which were then taken by him

forcibly, and since have been converted to his own use. In the bill the complainant averred that these jewels had been given to her by her husband, the defendant, and that he had allowed her to apply them to her separate use.

The prayer of the bill is that the defendant

"may be ordered and decreed to deliver to your oratrix forthwith said personal property, or, in case he has sold or parted with the same, he may be ordered and decreed to pay to your oratrix such sum or sums as shall be a fair value of the same."

The answer of the defendant denies that the complainant was or is the owner of the said jewels; denies that he gave them to her, and that he allowed her to apply them to her separate use. It avers that the defendant

"bought and purchased the jewelry mentioned in the bill of complaint for the personal adornment of his wife, the complainant, but that he never gave said jewelry, or any part thereof, to his wife, and never parted with his title or possession to said jewelry, and that they are his property and in his possession."

At the hearing it appeared that the defendant had parted with the jewelry and the court of chancery decreed

"that the defendant do pay unto the complainant, by way of compensation for said solitaire diamond ring, turquoise ring with sixteen small diamonds around it, and pair of diamond ear-rings, the sum of $670."

On this appeal we are not concerned with that part of the decree which awards compensation for the solitaire diamond ring, because it appeared at the hearing that it was given by the husband to the wife before their marriage as an engagement ring; the gift was absolute, and the property remains hers notwithstanding the subsequent marriage. This is admitted to be the legal situation by the defendant. · To the extent that the decree directed payment for the value of the solitaire diamond ring, which was shown to be $130, it was admittedly proper.

The controversy on this appeal is concerning the propriety of the decree so far as it relates to the turquoise ring and the diamond ear-rings, together valued at $540.

The complainant, the wife, claims that this jewelry was given to her by her husband during coverture; that it was bought on the installment plan and that a considerable amount of the purchase-money still remained unpaid at the time when the husband took possession of it. This is stated to be the fact by the wife, who says the unpaid amount was somewhere about $300. She then goes on to say:

"We paid so much a month; we undertook to pay $40 per month; we didn't always pay that much; we paid what we thought we could; we thought it was money saved to buy the diamonds; that was the agreement between Will and me; that was the reason we bought them."

In the same connection she says:

"I don't remember any such conversation before Mr. Eldridge. No; we talked about these affairs between ourselves.

"*Q.* Between yourselves?

"*A.* Not before Mr. Eldridge.

"*Q.* Then after you were by yourselves?

"*A.* Yes, sir; at times we talked over buying diamonds to save money; we did; yes."

The testimony shows, beyond question, that the jewelry was purchased with the husband's money. It therefore was his property, unless it was bestowed by him upon his wife as a gift.

A gift of personal property from husband to wife must be clearly proved. There must be clear and convincing evidence of a delivery of the property by the husband with the intention of divesting himself of all dominion and control of it and of vesting title in the wife. *Skillman* v. *Skillman, 13 N. J. Eq. (2 Beas.) 403; Dilts* v. *Stevenson, 17 N. J. Eq. (2 C. E. Gr.) 407.* See, also, *14 Am. & Eng. Encycl. L. (2d ed.) 1033,* and cases there cited.

Applying these principles to the case under consideration, we find nothing to justify the claim of the wife that the jewelry was bestowed upon her by her husband as a gift. The evidence shows that it was purchased by the husband, not as a gift to his wife, but as an investment for their joint benefit, and also for the purpose of ornamenting the wife on suitable occasions; in other words, either it remained the absolute property of the hus-

band, or, at most, it became the wife's paraphernalia. In either event the husband was entitled to take possession of it and deal with it as he saw fit. Of course, this is true if it became his absolute property, and there remains only to be considered the legal situation if it became the wife's paraphernalia.

At common law the husband is bound to maintain the wife, and to provide her with suitable clothing appropriate to their degree, and his own circumstances and social position. That common-law obligation still rests upon the husband. As corollary to this obligation, the common law recognizes that articles of clothing and personal ornaments appropriate for the wife, which are purchased with the husband's money, or upon his credit, are his property, notwithstanding the fact that they are selected and purchased by the wife, or are intended for her personal and exclusive use. The wife's clothing and ornaments are called her paraphernalia, and the common-law rule that the ownership thereof during the life of the husband was in him, remains in force in all jurisdictions where that rule has not been abrogated by statute. It has not been abrogated in this state by the Married Woman's act (*Gen. Stat. p. 2012*), or by any other statutory provision. Except in cases where the wife herself purchases the paraphernalia with her own separate money or earnings, the rule remains exactly as it stood at common law. In Massachusetts it has been judicially declared that the common-law rule still prevails because of the absence of statutory provision changing it. *Hawkins* v. *Providence and Worcester Railroad Co., 119 Mass. 596*. So, too, in Michigan the same rule prevails and for the same reason. *Smith* v. *Abair, 87 Mich. 62*.

If, therefore, the jewelry became the paraphernalia of the wife, then the common-law doctrine of paraphernalia applies, and that is this: That

"suitable ornaments and wearing apparel of a married woman, which come to her through her husband during coverture, remain his personal property during his life, and he may sell and dispose of them during his life." *Schoul. Dom. Rel.* (*5th ed.*) *208*.

So much of the decree as adjudges that the defendant make compensation unto the complainant for the turquoise ring with

sixteen small diamonds around it and for the pair of diamond ear-rings, should be reversed. As the complainant was admittedly entitled to a decree for the value of the solitaire diamond ring, which was $130, she is entitled to costs in the court below.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—15.