(105 N. W. 1102.)

THOMAS REGAN, MARCELLUS EDISON AND CHARLES L. GRABER, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF T. S. EDISON, DECEASED, v. A. H. JONES.

Opinion filed November 29, 1905.

**Answer Setting Forth as a Defense Merely, Matter Available Either as Counterclaim or Defense, Requires no Reply.**

1. Where facts which might be used either as a defense or counterclaim are pleaded in the answer as a defense merely, and the answer demands no affirmative relief indicating that a counterclaim was intended, no reply is necessary.

**Action by Representatives of Deceased — Transaction With Decedent.**

2. In an action on a note by the legal representatives of the deceased payee, the defendant sought by his own testimony to prove when and where the note was given and who was present when the transaction with the testator took place pursuant to which the note was afterwards given, in order to lay a foundation for the testimony of a third person, by whom he expected to prove what the bargain was. *Held,* that the testimony was properly excluded under section 5653, Rev. Codes 1899.

**Same.**

3. Testimony by the defendant in such action to the effect that the note in suit was the only note he ever gave to the deceased, and that he never had any other transactions with the deceased, was likewise prohibited by section 5653.

**Appeal and Error — Exclusion of Evidence — Offer of Proof.**

4. Errors assigned on the rulings of the trial court sustaining objections to questions propounded to a witness cannot be reviewed, in the absence from the record of any offer of proof showing what facts the appellant expected to establish by the questions objected to, where the questions themselves do not disclose the materiality and competency of the expected answers.

Appeal from District Court, Pierce county; *Cowan,* J.

Action by Thomas Regan and others as executors of the last will of T. S. Edison, deceased, against A. H. Jones. From a judgment for plaintiff, defendant appeals.

Affirmed.

*A. E. Coger* and *Burke & Middaugh,* for appellant.

The test of a counterclaim is, could defendant maintain an independent action on the demand set forth in it. McKinney v. Sundback, 52 N. W. 322; Heebner v. Shepard, 5 N. D. 56, 63 N. W. 892; National Bank of Commerce v. Feeney, 80 N. W. 186; Morris et al. v. Ewing, 8 N. D. 99, 76 N. W. 1047.

Section 5653, subdivision 2, does not exclude a party from testifying if he does not testify to any statement made by deceased or give facts relative to a transaction between the deceased and the said party. St. John v. Lofland, 5 N. D. 140, 64 N. W. 930.

*Scott Rex,* for respondent.

The vendee may treat a breach of warranty in reduction of damages in an action for the purchase price, or bring a cross action. Thoreson v. Minneapolis Harvester Co., 13 N. W. 156.

Where it is doubtful whether an answer is a counterclaim or a defense, it cannot be held a counterclaim and admitted for want of a reply unless plainly denominated a counterclaim. 2 Abbott's Trial Brief, section 100; Bates v. Rosenkrans, 37 N. Y. 409, 412; Equitable Life Ass. Co. v. Cuyler, 75 N. Y. 511; Ravicz v. Nickells, 9 N. D. 536, 84 N. W. 353; Seiberling v. Mortinson, 70 N. W. 835; Pomeroy's Code Remedies, section 748; Brannan v. Paty, 58 Cal. 330; Stowell v. Eldred, 39 Wis. 630.

The purpose of section 5653, subdivision 2, is to do away with the opportunity for perjury, where, the other party to the transaction being dead, it could be committed with impunity. Hutchinson v. Cleary, et al., 3 N. D. 270, 55 N. W. 729; Bunker v. Taylor, 83 N. W. 555; Redding v. Godwin, 46 N. W. 563; Madson v. Madson et al., 71 N. W. 824; Babcock v. Murray et al., 71 N. W. 913; Robins v. Legg et al., 83 N. W. 379; Ewing v. White, 30 Pac. 984; Jones on Evidence, section 790.

The word "transaction" is very broad. Jones on Evidence, section 793; Auchampauch v. Schmidt, 34 N. W. 460; Montague v. Thompson, 18 S. W. 264; 29 Am. & Eng. Enc. Law (1st Ed.) 701.

ENGERUD, J.   Action by the executors of the last will of Thomas
S. Edison, deceased, to recover on a promissory note given by
the defendant to the plaintiff's testator.  A verdict was directed
in favor of plaintiffs for the full amount claimed.  The defend-
ant has appealed from the judgment entered on the verdict.

The defendant admitted the execution and delivery of the note,
and "as a defense" alleged that the note was given in payment of
the purchase price of some stallions, and that there had been a
breach of the warranty under which the stallions were sold, and also
a failure to comply with the seller's agreement to furnish   the
pedigrees of the horses sold.  After the jury had been impaneled,
the defendant moved for judgment, on the ground that the an-
swer pleaded a counterclaim, and the plaintiff had failed to reply.
The motion was overruled and we think the ruling was right.  The
sufficiency of the facts pleaded to constitute  a   counterclaim   is
open to grave doubt; but, even if we assume that the facts pleaded
were sufficient to entitle defendant to recover   damages   for   a
breach of warranty, the motion was properly denied, because the
answer did not purport to set forth a counterclaim.  The answer
pleaded the seller's breach of the agreement as a defense for failure
of   consideration.   The answer in express terms declared that
the facts were pleaded as a defense, and the prayer for judgment
did not indicate that the defendant regarded the answer as pleading
anything but a defense which entitled him to a dismissal of the
action.  Under such circumstances the answer will not be construed
as pleading a counterclaim.   Bates v. Rosekrans, 37 N. Y. 409;
Society v. Cuyler, 75 N. Y. 511; Brannan v. Paty, 58 Cal. 330;
Stowell v. Eldred, 39 Wis. 614, 630; Ravicz v. Nickells, 9 N. D.
536, 84 N. W. 353.

The contract of sale, in connection with which it was alleged
the note was given, was a verbal one between the defendant and
the deceased.  The defendant was precluded from testifying in re-
lation to that transaction by section 5653, Rev. Codes 1899, which
reads as follows:  "* * * In civil actions or proceedings by or
against executors, administrators, heirs at law or next of kin, in
which judgment may be rendered or order entered for or against
them, neither party shall be allowed to testify against the other
as to any transaction whatever with or statement by the testator
or intestate, unless called to testify thereto by the opposite party."
The defendant attempted to prove that the note was given for stal-

lions, and that the terms of sale were as alleged in the answer—by third persons who were present when the bargain was made. None of these persons, however, were able to testify that the transaction at which they were present, was the transaction which involved the note in suit. The testimony of these witnesses was therefore clearly irrelevant, unless it could be shown by competent testimony that the transaction in reference to which they had knowledge was the one in or pursuant to which the note was given.

For the purpose of supplying this necessary link in the chain of proof the defendant was sworn as a witness and numerous questions were propounded to him by his counsel. The trial court sustained the objections of plaintiffs thereto, on the ground that the questions called for testimony by the defendant in relation to a transaction with or statement by the deceased. The nature of the questions is fairly disclosed by the following: "You may state what the note was given for?" "How many notes did you ever give to Thomas S. Edison?" "Did you give more than one note to Thomas Edison at any time?" "I will ask you to state who was present when the note was signed by you, and without stating anything about the transaction, or what the note was given for?" "You may state whether or not the note was given as the purchase price of four stallions?" Although these questions did not require the witness to state what the testator said, or to detail the facts and circumstances which constituted the transaction with the deceased, they clearly called for testimony "as to the transaction." This is especially apparent in view of defendant's admissions on the cross-examination, which was permitted in support of plaintiff's objection to the competency of the witness to testify on the subject. In that cross-examination the defendant admitted that the note was executed when Edison was not present, and at a different time and place from the time and place at which the bargain was made. The bargain was clearly a transaction with the testator as to which section 5653 forbids the defendant to testify. To permit this witness, under such circumstances, to testify that this note was executed in pursuance of the bargain which had been previously made, was nothing more or less than to permit the witness to state his bare legal conclusion as to the nature and result of the bargain, and as to the fact of executing it by giving this note, without specifically disclosing the terms of the agreement itself. The attempted proof was therefore doubly objectionable, because it was not only

testimony "as to the transaction" forbidden by the statute, but was also a mere conclusion of the witness. Madson v. Madson, 69 Minn. 37, 71 N. W. 824. So, also, the attempt to prove by this witness that no other note was given to the deceased, or that no other bargain was made with him, was likewise within the prohibition of the statute; because it is manifest that such questions called for the witness' testimony as to a transaction with the deceased, whether the transaction in question was the only one ever had with the deceased, or one of a number of transactions of a similar nature. Van Vechten v. Van Vechten, 65 Hun. 215, 223, 20 N. Y. Supp. 140; Brewing Co. v. Grubb (Wash.) 71 Pac. 553.

The question as to who was present when the note was signed was immaterial, in view of the defendant's admission that Edison was not present when the note was signed, and that the bargain was made at another time and place. The execution of the note was admitted, and the fact that some third persons were present when it was signed in Edison's absence would in no manner tend to show that such third persons heard the bargain made between Jones and Edison at a different time and place concerning this note. There was no attempt to show by this witness who was present when the note was delivered to Edison, and hence we express no opinion as to whether such testimony would have come within the terms of the statute if it had been sufficient to show that the note when delivered was the note involved in the bargain heard by the other witnesses.

There are several errors assigned on the rulings of the trial court in sustaining objections to questions addressed to other witnesses than the defendant. It is claimed by the appellant that the answers to these questions would have established the necessary connection between the note in suit and the bargain which was overheard and could be proved by these and other qualified witnesses. It is not clearly apparent from the questions themselves that the answers would have been competent and material; and the defendant neglected to make any offer of proof. While some of the questions, standing alone, might, at first glance, appear to be unobjectionable, and call for answers which might have been competent and material, yet an examination of the entire record tends strongly to show that the answers would have been incompetent and immaterial; and under such circumstances it was the duty of the examining party to show the competency and materiality of the expected answers

by an offer of proof. Halley v. Folsom, 1 N. D. 325, 48 N. W. 219. The presumption is in favor of the rulings of the trial court, and its rulings will not be held erroneous unless the record affirmatively shows error. 2 Enc. Pl. & Pr. 475, 476.

The foregoing disposes of all the assignments of error which merit discussion.

The judgment is affirmed. All concur.