(114 N. W. 730.)

---

THE FIRST NATIONAL BANK OF BOTTINEAU, A CORPORATION, v. N. J. WARNER, P. S. HILLIBOE, AS EXECUTOR OF THE ESTATE OF E. ERTRESVAAG, DECEASED, ADOLPH D. ERTRESVAAG, INGOLPH P. ERTRESVAAG, CARL N. ERTRESVAAG, EDWIN N. ERTRESVAAG, HEIRS AT LAW OF E. ERTRESVAAG, DECEASED, AND V. B. NOBLE, AS GUARDIAN OF THE MINOR HEIRS OF E. ERTRESVAAG, DECEASED, AND ALL OTHER PERSONS UNKNOWN CLAIMING ANY ESTATE OR INTEREST IN, OR LIEN OR INCUMBRANCE UPON THE PROPERTY DESCRIBED IN THE COMPLAINT, AND THEIR UNKNOWN HEIRS.

Opinion filed Jan. 8, 1908.    Rehearing denied Feb. 21, 1908.

**Appeal — Objections Not Made Below.**

1. An objection to the sufficiency of the allegations of the complaint is too late when made for the first time in the Supreme Court, where the complaint would be amended as a matter of course if objection had been made before.

**Trial — Evidence —Transactions With Decedent — Sufficiency of Objection.**

2. An objection to evidence as incompetent, irrelevant and immaterial is too general to suggest the objection that the evidence is incompetent as relating to a transaction with a deceased person, whose executor and heirs at law are parties to the action.

**Same — Officers of Corporations As Witnesses.**

3. The cashier of a national bank, which is a party to an action, is a competent witness to testify to the fact of the mailing of a notice

to a deceased person, whose executor and heirs at law are parties to the action, as section 7253, Rev. Codes 1905, prohibits evidence of parties only in such cases.

**Same.**

4. The contractor of a building, pursuant to a contract with the owner of the building, is not a competent witness as to payments made on said contract, where the owner of the building has since died, and his executors and heirs at law are made parties defendant with said contractor in an action by the plaintiff to foreclose its lien as a subcontractor.

**Mechanic's Lien — Subcontractor — Payments After Ninety Days — Effect.**

5. Payment of the full sum due on a contract by the owner of a building to the contractor after 90 days from the time the last materials were furnished, and before the lien of a subcontractor was filed, exempts the building and land from a lien filed after such payment was made, although the owner does not show that payment was altogether made after the 90 days had expired and before the lien was filed. The fact that some payments were made before the 90 days had expired did not prejudice the subcontractor, as the last payment made was more than sufficient to protect it if the lien had been filed in time.

**Witnesses — Competency — Transactions With Decedent.**

6. Where a contractor and the executors and heirs at law of the deceased owner of a building, erected under a contract between said contractor and the owner, are parties defendant in an action to foreclose a subcontractor's lien, the evidence of the contractor as to when the building was completed is not objectionable as referring to a transaction with a party since deceased, under section 7237, Rev. Codes 1905.

Appeal from District Court, Bottineau county; *Burke, J.*

Action by the First National Bank of Bottineau against P. S. Hilliboe and others. Judgment for plaintiff, and defendant's appeal.

Reversed and action dismissed.

*Noble, Blood & Adamson,* for appellants.

Lien statute must be strictly complied with to secure a lien. Philadelphia Seventh Nat. Bank v. Schenandoah Iron Co., 35 Fed. Rep. 442; Cross v. Butler, 72 Ga. 187; Finane v. LasVegas Hotel

Co., 3N. Mex. 260; Glynn v. Zabriskie, 19 R. I. 215; Shackelford v. Beck, 80 Va. 573; McGugin v. Ohio Riv. R. Co., 33 W. Va. 66; Baumbach Co. v. Laube, 74 N. W. 96; Brown & Haywood Co. v. Trane, 73 N. W. 561; Scott v. Christianson, 85 N. W. 658.

Notice must be given to owner of material furnished to contractor and subcontractor, or lien is void. Whiteside v. Lebcher, 17 Pac. 548; St. Croix Lumber Co. v. Mitchell, 6 Dak. 215, 50 N. W. 624; 20 Am. & Eng. Enc. Law (2d Ed.) 376; Taylor v. Dahn, 51 Am. St. Rep. 312; Robertson Lumber Co. v. Bank of Edinburg, 14 N. D. 511, 105 N. W. 719; McMillan v. Phillips, 5 Dak. 294, 40 N. W. 349.

*Weeks & Murphy,* for respondents.

Objection to sufficiency of complaint must be taken in lower court. Caledonia Gold Mining Co. v. Noonan, 3 Dak. 189, 14 N. W. 426; McCabe v. Desnoyers, 108 N. W. 341; Zion Church of Evangelical Ass'n of North America in Charles City v. Parker, 86 N. W. 60; Reeves v. Howard, 91 N. W. 896; Strow v. Allen, 98 N. W. 141.

Variance between complaint and proof cannot be challenged for the first time in Supreme Court. Ashe v. Beasley, 6 N. D. 191, 69 N. W. 188.

Objection to evidence as "incompetent and immaterial" does not present a question for review. Caledonia Gold Mining Co. v. Noonan, supra; Kolka v. Jones, 6 N. D. 461, 71 N. W. 558; Bright v. Ecker, 69 N. W. 824; Hooper v. Railway Co., 33 N. W. 314; Taylor v. Wendling, 24 N. W. 40; Olson v. Burlington, C. R. & N. R. Co., 81 N. W. 634.

Where an instrument whose contents are to be proven, is itself a notice, notice to produce original is not necessary to the offering of secondary proof. 17 Cyc. 559; Brentner v. Chicago, M. & St. P. Ry. Co., 12 N. W. 615; Smith v. K. C. St. J. & C. B. R. Co., 12 N. W. 619.

Testimony of agent of a corporation is admissible against a deceased. Muhlback v. So. Baltimore Co., 1 L. R. A. 507.

Failure to file lien within ninety days affects only payments made after that time. Robertson Lumber Co. v. State Bank of Edinburg, 14 N. D. 511, 105 N. W. 719.

MORGAN, C. J. Action to foreclose a lien for materials furnished for a building by the plaintiff as a subcontractor. The plaintiff re-

covered judgment in the district court.  The heirs at law of Ertres-
vaag, deceased, who was the owner of the building, appeal to this
court, and demand a review of the entire case, under section 7229,
Rev. Codes 1905.

The appellants contend that the complaint fails to state a cause of
action for the foreclosure of a mechanic's lien.  Their  conten-
tion on this point is that the complaint fails to allege that the
plaintiff did give notice to Ertresvaag that it had furnished to the
contractor the materials for the furnishing of which a lien is claimed
prior to the filing of the lien and prior to the completion of the
building.  The complaint alleges that the notice was  given  on
March 15, 1904, and that the lien was filed on March 10th.  There
was no demurrer to the complaint, and no objection was made to
the introduction of evidence under the complaint prior to the taking
of testimony, nor was this objection urged during the trial by an
objection specifically based on the fact that the complaint showed
that the lien was filed before any notice was given.  We are of the
opinion that this objection to the sufficiency of the allegations of the
complaint comes too late when raised for the first time in the Su-
preme Court.  The uncontradicted facts are that the lien was filed
on March 11th and that the notice was sent by registered letter, as
required by section 6237, Rev. Codes 1905, on March 10th.  If
objection had been made, and the attention of the court called to
the variance between the allegations of the complaint and the evi-
dence, an amendment of the complaint would have been proper and
undoubtedly allowed.  Appellants claim that this testimony was ob-
jected to.  Nowhere was the ground of the objection specifically
pointed out.  The objection was that the testimony was incompe-
tent, irrelevant and immaterial.  This objection was too general,
and did not apprise the court or opposing counsel of the real ground
of the objection.  It is now generally held that objections in this
form are not specific enough, and that error cannot be predicated
upon rulings overruling them.  This court has also held objec-
tions in that form not subject to assignment of error when over-
ruled.  Kolka v. Jones, 6 N. D. 461, 71 N. W. 558, 66 Am. St.
Rep. 615.

Conceding, for the purposes of this appeal, that the evidence
was inadmisible under the allegations of the complaint, we are
satisfied that objections thereto come too late when first presented
on appeal.  By not objecting in time, and specifically pointing out

the objection, the trial court had no opportunity of ruling on the objections now raised. The right to object to the testimony, based on variance, was therefore waived. Russell v .Barron (Sup.) 97 N. Y. Supp. 1061; Reeves v. Howard, 118 Iowa, 121, 91 N. W. 896; Strow v. Allen et al. (Iowa) 98 N. W. 141; McCabe v. Des Noyers (S. D.) 108 N. W. 341; Calidonia Gold Mining Co. v. Noonan, 3 Dak. 189, 14 N. W. 426; Zion Church v. Parker, 114 Iowa, 1, 86 N .W. 60; Burgi v. Rudgers, 108 N. W. (S. D.) 253; Collins v. Denny Clay Co., 41 Wash. 136, 82 Pac. 1012. The owner of the building and lots died on April 4th, a few days after the lien was filed. There are many objections to testimony introduced by the plaintiff, based on the ground that it related to transactions with Ertresvaag, the owner of the building then deceased. These objections relate to the evidence as to the, time when the building was completed. Also that pertaining to the mailing of the notice by plaintiff that it had furnished materials for the construction of the building. Also the return receipt of the registered letter containing said notice, signed by E. Ertresvaag by Emil Johnsgaard. So far as the evidence as to the time when the building was completed, we are satisfied that it does not relate to a transaction with a deceased person within the meaning of that word as contained in subdivision 2 of section 7253, Rev. Codes 1905, which reads as follows: "(2) In civil actions or proceedings by or against executors, administrators, heirs at law or next of kin in which judgment may be rendered or order entered for or against them, neither party shall be allowed to testify against the other as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party. * * *" The reason of the rule laid down in said section is to protect the estates of decedents from false testimony which attributes to a deceased party statements or acts concerning which he cannot testify by reason of his death. A transaction, as used in this section, means a transaction in which the decedent took part and was a party to and participated in. 30 Am. & Enc. Law, p. 1027, and cases cited.

When the building was completed was not a matter dependent upon any action or knowledge of the owner of the building. That fact did not rest upon any fact particularly within the knowledge of the owner, and dependent in no way upon any act of his in connection with that of the contractor. The completion of the building

was the act of the contractor alone, and testimony concerning the same does not relate to a transaction with the owner, and does not come within the prohibition of the statute. This evidence was not therefore objectionable, although given by the contractor who was a party defendant in the action. Parties to an action are not made incompetent to testify in actions in which executors, administrators, or heirs at law of deceased persons are also parties. The statute only renders their evidence incompetent when it relates to transactions with the decedent. The testimony relating to the giving of the notice by mailing that plaintiff had furnished materials was given by the cashier of the plaintiff bank. This testimony is also objected to on the same grounds urged against the evidence as to the completion of the building. The prohibition of the statute covers the evidence of parties to actions or proceedings, and does not include the agents of parties. To hold that agents are also barred from giving such evidence by this statute would be adding to its terms, which it not warranted. As said in Hanf v. Insurance Co., 76 Wis. 450, 45 N. W. 315, in construing a section of the statute of similar import: "That section only excludes the testimony of a party to the action * * * of transactions and communications had by him personally with the deceased or insane person through whom the opposite party claims or defends. It does not exclude the testimony of the agent of the party or person whose testimony is thus excluded. At the common law the testimony of a party to the action was absolutely excluded; but the agent of such party was a competent witness to prove the whole cause of action of the defense, although the opposite party derived his interest in the subject-matter of the controversy through a deceased party. Section 4069 does not exclude testimony which was admissible at the common-law." In Bank v. Enos, Adm'r, 135 Cal. 167, 67 Pac. 52, it was said, in construing a statute in substance the same as ours: "To hold that the statute disqualifies all persons from testifying who are officers or stockholders of a corporation would be equivalent to materially amending the statute by judicial interpretation. Plainly the law disqualifies only 'parties or assignees of parties,' and does not apply to persons who are merely employed by such parties or assignors of parties." See, also, 30 A. & E. Enc. Law (2d Ed.) p. 1048, and cases cited; Merriman v. Wickersham, 141 Cal. 567, 75 Pac. 180. The cashier of the plaintiff bank was therefore a competent witness to give testimony as to the mailing of the no-

tice to the deceased, even if the mailing of such notice was a trans-action with the deceased, which is not decided. The statute requires the giving of notice to the contractor by a subcontractor that materials have been furnished before the contract is completed. Whether the giving of this notice before the contract is completed is in all cases a condition precedent to the right to a lien we need not decide in this case. The contractor testifies that the contract was not completed on the date that the bank gave the notice by registered letter. From this evidence and other circumstances shown by the evidence as to certain work having been done on the building after that date we think that it was established at the trial that the contract had not been completed when the notice was sent, and the trial court so found. The record presents a serious question as to whether the owner of the building had not fully paid for its construction before the lien was filed on March 11, 1904.

It is shown that the last date of the furnishing of the brick by the plaintiff was on October 17, 1903. The ninety days during which the subcontractor had to file a lien so as to protect his lien against purchasers and incumbrancers and the owner, if he made payments after the 90 days, expired on February 17, 1904. Payments made by the owner before February 17th could not be made to defeat the plaintiff's right to a lien, providing the lien was filed within the 90 days. Payments made after February 17th and before March 11th, when the lien was filed, would have been made by the owner without regard to the plaintiff's right to the lien. Payments made after March 11th could not have been made so as to defeat plaintiff's lien. The administrator testifies that the sum of $9,004.19 was paid between October 17, 1903, and March 10, 1904. How much of this sum was paid before February 17th, or how much after that day and before March 11th, is not shown. It is shown, however, that about $1,800 was paid some time in February, after the 90 days had expired; and, according to the administrator's evidence this was the last payment, and paid the contract price in full. The payment was far in excess of all sums claimed to be due the plaintiff by virtue of having furnished the materials for the building, for which the plaintiff claims a lien. The respondent's contention that the owner could not make payments during the 90 days at the expense of the subcontractor is true, providing the lien is filed within the 90 days, but in this case the owner did not make payment in full until about one month after

the 90 days had expired. If the plaintiff had filed his lien during the 90 days, the payment of the $1,800 would not have defeated the lien. The owner having waited until the 90 days had expired before making final payment, had the right to make payment in full thereafter. The statute protects the owner as to payments made after the 90 days have expired and before the lien is filed. If the lien is filed, it is notice to the owner, and payments thereafter are subject to the lien, although filed after the 90 days have expired. In this case, the notice to the owner that materials had been furnished was not given, nor was the lien filed until after payments in full had been made. If any sum remained unpaid when the lien was filed, the lien would be good to that extent. Robertson Lumber Co., v. Bank of Edinburgh, 14 N. D. 511, 105 N. W. 719. The testimony of the executor, considered by itself, we think fairly sustains the fact of payment in full before the lien was filed. If the testimony of the contractor was admissible, a different question would be presented, as it squarely contradicts the testimony of the executor. The contractor Warner was a party defendant to the action. His testimony as to payments made by the owner was objected to as within the provisions of section 7253, Rev. Codes 1905, supra. The respondent contends that his testimony was not properly objected to. The objection was generally to the evidence and not to the witness, which the respondent contends was not a sufficiently explicit objection. If the contractor had not been a party, the evidence would not have been objectionable; but he was a party, and judgment was prayed for agaist him. It is true that he suffered default; but that fact did not except him from the provision of the statute, nor render him a competent witness. The record shows that the witness was a party to the action, and in one instance the question was objected to as evidence by a party to the action of a transaction with the deceased, and the questions so objected to related to payments. We think that to sustain the objection on the grounds claimed by respondent would be too technical ln view of the fact that the record shows that the witness was a party to the action. Respondent cites no cases to sustain his contention in this regard, and we have failed to find any in point under similar facts.

Respondent also contends that the witness was not a party to the action, nor prohibited from testifying, within the meaning of said section 7253. The contention is that his testimony was admissible on the theory that he was called by the opposite party, the plain-

tiff. In our opinion the evidence was not admissible. It was antagonistic to the interests of the estate, and the witness was a party. We think that he should be deemed an opposite party to the executor and heirs. The reason why parties are prohibited from testifying as witnesses as to transactions with deceased parties is present in this case. This reason applied to some extent to this witness, although he was a codefendant with the executor and heirs. The plaintiff was seeking to secure a personal judgment against him. 30 A. & E. Enc. Law, p. 1018, and cases cited. The testimony of this witness not being admissible, the question of payment as shown by the defendant through the administrator is uncontradicted, and shows that the building was wholly paid for before the lien was filed, and after the 90 days from the time of furnishing the last item of materials had expired. In this respect this case is within the rule laid down in Robertson Lumber Co. v. Edinburgh Bank, supra. The fact of payment is an affirmative defense to be shown by the defendant. But we cannot agree to the contention that it devolves on the defendant to show that payment of the whole contract was made after the 90 days and before the lien was filed. The plaintiff was not prejudiced if some payments were made before the 90 days had expired, as the owner retained sufficient sums to protect the plaintiff if it had filed the lien within the statutory time.

The judgment is reversed as to defendant Hilliboe, and the action dismissed as to him only. All concur.