RENA DRUEY, Appellant, v. S. W. BALDWIN, Administrator of the Estate of Margaret Druey, Deceased, with the Will Annexed, Defendant and Respondent, and ELLA BALDWIN, Lillie Smith, et al., Interveners and Respondents.

(172 N. W. 663.)

**Evidence — transactions with deceased persons — admissibility.**

   1. In an action against an executor and the heirs at law of the estate of a deceased, to secure the delivery of a deed and to quiet title to realty claimed by the estate, the testimony of the executor, the husband of the plaintiff, concerning a transaction had with the deceased, is not made admissible under the provisions of § 7871, Compiled Laws 1913, subd. 2, by calling such witness as an adverse party, where it appears that such evidence and such witness are antagonistic to the interests of the estate.

**Evidence — competency of witnesses.**

2. A witness who is incompetent to testify under the provisions of § 7871, subd. 2, Compiled Laws 1913, directly to the delivery of a deed by the deceased, is likewise incompetent to testify as to the possession of the same, where the purpose thereof is to establish that a delivery or nondelivery thereof must be inferred.

**Trial under Newman Act — record — encumbrance of record.**

3. In trials under the Newman Act it is the duty of attorneys to carefully refrain from encumbering the record with incompetent, immaterial, or irrelevant testimony, and the trial court may properly indicate during the course of the trial its views when the attorneys are so doing.

**Quieting title — determination of adverse claims — judgment.**

4. In an action to determine adverse claims, where the executor and the heirs at law of the estate of the deceased are parties thereto, and the findings of the trial court are in favor of the estate, the judgment thereupon should quiet title in the heirs at law, and in the executor for purposes of administration.

Opinion filed January 31, 1919.

Appeal from a judgment of the District Court of Ward County, *Leighton,* J., quieting title in the interveners.

Modified and affirmed.

*E. R. Sinkler* and *M. O. Eide,* for plaintiff and appellant.

"Neither party shall be allowed to testify against the other as to any transactions whatever with or statements by the testator or intestate, unless called to testify thereto by the opposite party." Comp. Laws 1913, § 7871, subd. 2; Wall v. Wall, 45 L.R.A.(N.S.) 583, note.

"The admissions of a person in disparagement of his title, but not in contradiction of a record title, are competent against those claiming under or through him, so far as there is identity of interest." Stewart v. Stewart, 41 Wis. 624; Pritchard v. Pritchard (Wis.) 34 N. W. 506.

"A grant is presumed to have been delivered at its date." Comp. Laws 1913, § 5496; Leonard v. Flemming, 13 N. D. 629; Comp. Laws, § 5500; 13 Cyc. 561.

"What constitutes a sufficient delivery is largely a matter of intention, and the usual test is, Did the grantor, by his acts or words or both, manifest an intention to make the instrument his deed, and thereby devest himself of title?" Kelsa v. Graves, 68 Pac. 608; Wooster v.

Folin, 56 Pac. 490; Tucker v.. Allen, 16 Kan. 319; Farrar v. Bridges, 42 App. Div. 439; 13 Cyc. 562; Hatch v. Stevens, 6 Minn. 24.

"Redelivering a grant of real property to the grantor or canceling it does not operate to retransfer title." Comp. Laws 1913, § 5499.

A return of a deed to the grantor does not negative the previous delivery, or operate as a surrender of the title thereby acquired. 13 Cyc. 563, and cases cited.

"Husband and wife must both sign to encumber or convey homestead." Comp. Laws 1913, § 5608.

"Only by law or writing. Any estate in real property other than an estate at will or for a term not exceeding one year can be transferred only by operation of law, or by an instrument in writing subscribed by the party disposing of the same or by his agent, thereunto authorized in writing." Comp. Laws 1913, § 5511.

"Delivery is absolute. A grant cannot be delivered to the grantee conditionally. Delivery to him or his agent as such is necessarily absolute, and the instrument takes effect thereupon discharged of any condition on which the delivery was made." Comp. Laws 1913, § 5497.

"A deed becomes operative from the time of delivery to the grantee and its operation cannot be affected by proof of any agreement in conflict with the plain terms of the instrument."

"A grantor cannot by any act subsequent to the delivery of his deed invalidate, alter, or affect the instrument." 13 Cyc. 572, and cases cited.

"The husband has no original or inherent power to act as his wife's agent, and his authority arises only from her appointment. It cannot be implied from the marital relation or from circumstances which ordinarily owe their existence solely to the marriage relation." 21 Cyc. 1238, and cases cited.

"One who, with knowledge of the facts and without objection, suffers another to make improvements or expenditures on or in connection with his property or in derogation of his rights under a claim of title or right, will be estopped to deny such title or right to the prejudice of that other who has acted in reliance on and been misled by his conduct." 16 Cyc. 766, and cases cited.

*Hall, Alexander, & Purdy* and *Bagley & Thorpe,* for interveners and respondents.

Where a deed is found in the possession of the grantor unexplained, the presumption in relation to the delivery thereof is exactly opposite to those where the deed comes from the possession of the grantee. Cassiday v. Holland (S. D.) 130 N. W. 771.

While the redelivery or destruction of the deed can have no effect as to the transfer of the legal title, it may under certain circumstances vest an equitable title, or at least preclude the grantee from asserting the same. 1 Warvelle, Vendors, § 505; Russell v. Meyer, 7 N. D. 335, 47 L.R.A. 637, 75 N. W. 262; Barnhart v. Anderson (S. D.) 118 N. W. 31; Linker v. Long, 64 N. C. 296; 13 Cyc. 724–729; Warvelle, Vendors, § 505; 1 Pom. Eq. Jur. § 147.

Where the cancelation or surrender of a deed was made under such circumstances as would render it a fraud upon the part of the grantee to retain the title, a constructive trust in favor of the original grantor, or those claiming under him, will be adopted as a convenient machinery for the fulfilment of justice. Willeys v. Christ, 4 Watts, 196; Neill v. Spigle, 33 Ark. 63; Tallifero v. Rolton, 34 Ark. 503; Crossman v. Keister (Ill.) 8 L.R.A.(N.S.) 698; 18 L.R.A.(N.S.) 1170 et seq.

The words "adverse party" are not limited to the adverse position of plaintiff and defendant, but affect any party, whether plaintiff or defendant, whose interests are actually adverse to those of another party to the action, where the latter has acquired title to the cause of action immediately from a deceased person. Jones, Ev. § 773; Wells v. Chase (Wis.) 105 N. W. 303; McCormick v. Herndon (Wis.) 31 N. W. 303; Hoag v. Wright, 174 N. Y. 36, 66 N. E. 579.

BRONSON, J. This is an action to secure the delivery of a deed and to determine adverse claims to certain real estate situated in the city of Minot. From the findings made and the judgment rendered by the trial court quieting title in such realty in the interveners and respondents herein, the plaintiff appeals, and demands a trial *de novo*.

The substantial undisputed facts are as follows: Margaret Druey died during the month of December, 1916. She was the mother of the interveners and John Druey, the original defendant herein. The plaintiff is the wife of John Druey. By the last will and testament

of the deceased, it is provided that the property involved shall be divided equally among her children herein named. In the month of November, 1908, the deceased executed a warranty deed of this property involved to the plaintiff, as grantee. At this time and until the month of October, 1909, when they removed to Canada, the plaintiff and her husband resided upon these premises. After the death of the deceased, this deed was found in a little tin box belonging to the deceased and in which she kept other papers. John Druey, named as executor in the will, qualified as such, and in the month of March, 1916, listed, in the inventory of the property of the estate, this realty as assets of the estate. In the month of September, 1916, the plaintiff made a written claim of ownership concerning this property, upon her husband, then the executor, and thereafter commenced this action. Thereupon the interveners herein, the daughters of the deceased, were permitted to intervene.

The principal and controlling point in this case is the question whether the deed was delivered. The appellant contends that a delivery has been established in the record, relying largely upon the testimony of the appellant and her husband that the deed in question was delivered by the deceased to the appellant at the home situated on the property involved on the day the same was executed, and also in part upon the testimony of a third witness, one Mrs. Jack, that the deceased had told her in a conversation that she had sold the property to John Druey and had given him a deed for it. The respondents, on the contrary, maintain that the evidence shows in fact no delivery of the deed, not only by the surrounding circumstances showing continued acts of dominion over the premises by the deceased through improvements made, taxes paid, insurance maintained, and contracts of sale had concerning the property, but also by evidence in the record that the deed was retained by the deceased continuously because no full settlement ever had been made for the purchase price to be paid by the appellant.

The appellant testified that the deed in question was delivered to her by the deceased on the property in question at their home the day the same was made, and that she retained the same in her possession until the following fall, when she returned the same to the deceased

to keep for her. The defendant, her husband, was called for cross-examination under the statute as an adverse party by the appellant and thereafter by the respondents, and likewise testified that the deceased so delivered such deed to the appellant, his wife, and that he made the arrangements and paid the consideration, namely, $600, and the return of a lot which his mother theretofore had given to him.

Objection was made by the respondents to the competency of these witnesses to so testify concerning a transaction had with the deceased under the provisions of § 7871, subd. 2, Comp. Laws 1913. Objection was likewise made by the appellant to the testimony of the husband when called for cross-examination by the respondents.

Laura Anderson, one of the interveners, and a witness for the respondents, testified that when the deed was executed, her mother, the deceased, took the same home with her and put it in the little tin box mentioned, and that there, from time to time afterwards, she saw it when she had occasion to open it with and for her mother. Ella Baldwin, another of the interveners, and a witness for the respondents, testified that she saw this deed several times, commencing in the fall of 1909, in this tin box when she would help her mother open this box.

Objection was likewise made by the appellant to the competency of these witnesses to so testify under the provisions of the section quoted. This testimony substantially covers the direct testimony in the record of delivery or nondelivery of the deed in question by the deceased to the appellant.

We are clearly of the opinion that the objections so made to the competency of these witnesses to so testify was good, and that the testimony in question was inadmissible. Comstock v. Comstock, 76 Minn. 396, 79 N. W. 300; Pederson v. Christofferson, 97 Minn. 491, 106 N. W. 958; McDonald v. Harris, 131 Ala. 359, 31 So. 548.

All of this testimony related to a transaction with the deceased: a transaction in which necessarily she took part, was a party thereto, and participated therein.

The very essence of the whole matter, of the title involved, was the fact of the delivery or nondelivery of the deed; or of the possession or nonpossession thereof, of which peculiarly and necessarily the deceased was not only a participant, but had direct knowledge.

In this state, the purposes of the statute involved to prevent any party from securing an undue advantage in establishing, by his testimony, what transaction or conversation took place, when the lips of the other party are sealed by death, have been clearly expressed and continuously followed by this court. Braithwaite v. Aiken, 2 N. D. 61, 49 N. W. 419; Hutchinson v. Cleary, 3 N. D. 270, 55 N. W. 729; Regan v. Jones, 14 N. D. 591, 105 N. W. 613; First Nat. Bank v. Warner, 17 N. D. 76, 114 N. W. 1085, 17 Ann. Cas. 213; Cardiff v. Marquis, 17 N. D. 116, 114 N. W. 1088; Larson v. Newman, 19 N. D. 160, 23 L.R.A.(N.S.) 849, 121 N. W. 202; Truman v. Dakota Trust Co. 29 N. D. 456, 151 N. W. 219; Lake Grocery Co. v. Chiostri, 34 N. D. 386, 158 N. W. 998.

Likewise, the testimony offered concerning the possession of the deed by these witnesses, who were incompetent to testify directly concerning the delivery of the deed, was inadmissible for the reason that it could be so introduced only for the purpose of establishing a state of facts from which a delivery or a nondelivery of the deed might be inferred. Regan v. Jones, 14 N. D. 591, 105 N. W. 613; Wall v. Wall, 139 Ga. 270, 77 S. E. 19. See note in 45 L.R.A.(N.S.) 583.

The fact that the husband, the defendant, was called so to testify by the wife, the plaintiff, as an adverse party for cross-examination under the statute, did not bring such witness without the statute, for it is plain to see from his testimony and his attitude in this whole record that his testimony and his interest were antagonistic to the interest of the estate. First Nat. Bank v. Warner, 17 N. D. 76, 114 N. W. 1085, 17 Ann. Cas. 213.

The further fact that this defendant, the husband, was later called as an adverse party for cross-examination under the statute, by respondents, and further testimony elicited from him concerning this transaction with the deceased, did not render the witness or his testimony in this regard competent under the circumstances disclosed by the record; for this witness was first called by the plaintiff and this incompetent testimony elicited. Apparently the respondent did not consider him their witness so that they should take him or ask the court for permission to question him, as if upon redirect examination; following the rule laid down in Fawcett v. Ryder, 23 N. D. 20, 135

N. W. 800, 3 N. C. C. A. 153, and in Luick v. Arends, 21 N. D. 614, 132 N. W. 353.

They sought, therefore, to examine him upon these matters by calling him as an adverse party for cross-examination under the statute, and to his testimony given concerning this transaction with the deceased, the appellant seasonably objected. We are of the opinion that the witness still remained incompetent for the purposes of the testimony so adduced.

It is therefore clear that, with this incompetent testimony eliminated, there is no such clear and satisfactory evidence shown which is requisite to establish the delivery of the deed. McManus v. Commow, 10 N. D. 340, 87 N. W. 8.

In any event we are further satisfied from the entire record as it is that the proof is not sufficiently clear and convincing to warrant this court in finding that there was a delivery of the deed or in disturbing the finding of the trial court in that regard.

In this respect, it is deemed proper to suggest to the trial courts and to the bar of this state that in the trial of cases under the so-termed Newman Act, it is the duty of the bar to carefully refrain from introducing into the record evidence which clearly is incompetent, immaterial, or irrelevant, or otherwise inadmissible, and the trial court may properly indicate during the course of the trial in the record the admissibility of such testimony, but not by ruling thereupon, so that the counsel in the case may then be advised of the trial court's view on the matter, and that their attention may be called thereto, in order that this court upon review may exercise its authority for the imposition of a penalty whenever from the record it may appear proper so to do.

However, we do find error in the findings of fact and conclusions of law of the trial court which require a modification of the judgment there rendered.

On May 14, 1918, the trial court made an order substituting S. W. Baldwin, administrator of the estate of the deceased with the will annexed in place of the defendant John Druey, as executor.

In the findings, conclusions, and judgment, the trial court quieted title in premises involved in the interveners, the heirs at law, without

any reference to the right or interest of the executor therein as a representative of the estate and of its administration.

In this regard the trial court erred. The judgment herein should provide for the quieting of title in such heirs at law and in the executor or administrator thereof, for purposes of administration.

The executor was, and the administrator is, a party to this action. By the statute and by the law of this state, an executor or an administrator has the right to the possession of the realty of estate pending administration. The heirs cannot disturb him in this possession; he may maintain an action to quiet title or to determine adverse claims. The judgment where he is a party should not ignore this right. Comp. Laws 1913, § 8797; Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029; Berry v. Howard, 26 S. D. 29, 127 N. W. 526, Ann. Cas. 1913A, 994.

Accordingly, this cause is remanded to the trial court with instruction to modify the judgment pursuant to this opinion; neither party shall recover any costs on this appeal.

GRACE, J. I concur in the result.

ROBINSON, J. John Druey is a son of the deceased, and the plaintiff is his wife. The plaintiff brings this action to quiet her title to a lot in Minot, and she appeals from a judgment against her. She claims title under a deed made by her deceased mother-in-law, which deed was not recorded, and was found among the papers of the deceased. The express consideration of the deed is $1,650. It is dated and acknowledged November 9, 1908, and signed by Margaret Druey (by her mark). As John Druey testifies, the plaintiff was not present when the deed was made, but it was subsequently delivered to his wife in her home, when no one was present only John, the mother, and his wife. He paid for the deed, by check, $400, and cash, $200, and by a release of a claim to a lot given him or his wife by the deceased. He and his wife lived on the lot in question several months, when they left it and went to live on a homestead in Canada. On their leaving for Canada the deceased gave to John $600, which he claims to have received as a loan, and it is claimed that the plaintiff gave back the deed to her mother-in-law for safe-keeping. However, the mother took posses-

41 N. D.—31.

sion of the lot as her own, contracted to sell it to one party, who put on it a house worth $3,600. She paid him $3,600 and rescinded the contract; and in the same way she contracted to sell it to another, and by agreement that contract was rescinded. She paid on the property all the taxes, and insured it in her own name, and treated it as her own, and plaintiff never asserted any title to it. In 1916 she died and John was appointed administrator of the estate. He made and swore to an inventory of the estate in which the lot was listed as part of the estate of the deceased, and the $600, which he claims to have received as a loan, was not listed as an asset of the estate. Afterwards, some six months after the appointment of the administrator, the plaintiff brought this action against her husband, and him alone, to quiet title to the lot and to compel him to deliver the deed to her. He served an answer admitting her claim. Then the other heirs of the deceased intervened. Doubtless the deed was made with the intention of delivering it to the plaintiff and selling the lot to her. There is no convincing proof of a delivery of the deed, while the proof is entirely convincing that if there was a delivery or a contract to deliver the deed to the plaintiff, the transaction was rescinded. The consideration was restored, the deed was delivered back to the deceased, and she entered into possession of the premises as owner; and it is fair to presume that if the deed had been delivered John or his wife would have put it on record, and that the property would not have been listed as a part of the estate. The facts in the case speak louder than words, and show conclusively that the lot in question was properly listed as a part of the estate.

The findings of fact, as made by the trial court, are in accordance with the evidence, and the conclusions of law are correct.

Judgment affirmed.