ORVILLE A. FRINK, as Administrator of the Estate of Clara T. Taylor, Deceased, Appellant, v. CHARLIE A. TAYLOR, Respondent.

(228 N. W. 459.)

48

Opinion filed January 6, 1930.

*Charles G. Bangert* and *Clarence G. Mead,* for appellant.
*Sinness & Duffy,* for respondent.

BURR, J. On this appeal there are fourteen specifications of error, but these involve two main questions only—the competency of testimony given by the defendant, and sufficiency of the evidence to sustain the findings.

Clara T. Taylor was the mother of the defendant. She died in November, 1926. The administrator brings action to recover $500 and interest which he claims the decedent loaned to the defendant, and of which no part has been paid except the sum of $100 in two payments of $50 each. The defendant alleges that this was money which belonged to him; that he had been in partnership with his father, that the firm had failed, that the partnership had received an exemption of $1,000 from its estate; that the father had received all of this and given it to the mother; that the mother gave him the $500 in question and he repaid her $100 and that it was agreed by and between him and his mother that the remainder should be considered as a payment to him by her of the amount of his exemption she had received, "and that the account between this defendant and the said Clara T. Taylor should be deemed balanced and adjusted."

The defendant testified personally as to the transactions with the

decedent. The plaintiff objected to the introduction of such testimony on the ground that it was a violation of subdivision 2 of § 7871 of the Code which says:

"In civil action or proceeding by or against executors, administrators, heirs at law or next of kin in which judgment may be rendered or ordered entered for or against them, neither party shall be allowed to testify against the other as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party; . . ."

The defendant recognizes this bar to his competency but claims it was waived by the plaintiff who called him for cross-examination under the statute; and went into this subject sufficiently so as to open it up and justify the defendant in making explanations and statements.

The only testimony offered by the plaintiff was given by the defendant, and this is the whole of plaintiff's case, as follows:

Q. You are Charles A. Taylor, the defendant? A. Yes, sir.

Q. I show you a paper marked for proper identification Exhibit "1" and ask you, Mr. Taylor, if you have seen that before? A. Yes, sir.

Q. That is a Five Hundred Dollar check? A. Yes, sir.

Q. Representing the loan which your mother made you? A. The money I got.

Q. And that was on the 8th of June, 1925? A. Yes, sir.

Q. Has that money ever been repaid, Mr. Taylor? A. Part of it.

Q. How much of it? A. One Hundred Dollars.

Q. And the balance remains unpaid? That is, you haven't actually paid it back to your mother? A. The balance was a gift.

Q. You haven't actually paid it back to your mother? A. No.

Q. All you ever paid is One Hundred Dollars? A. Yes.

Q. Do you remember when you paid that? A. I couldn't give you the exact date.

Q. You paid Fifty Dollars of it along in April, 1926? A. I think so.

Q. And do you remember when the other was paid? A. No, I don't. It was about the 15th of July, I think, of the same year.

Q. About the 15th of July? A. About the 15th of July.

Q. And nothing more has been paid on that? A. No.

Mr. Bangert: We offer in evidence Exhibit "1."

Mr. Duffy: No objection.

Mr. Bangert: I think that proves our part of this case.

The plaintiff then rested.

The defendant took the stand in his own behalf and was permitted, over the objection of the plaintiff, to testify to financial transactions had with his father as far back as 1913 showing a partnership agreement between him and the father, and carried this along to the time when the partnership failed, and the exemptions were allowed and paid by the creditors of the firm. The objection to this was that such testimony was "incompetent, irrelevant and immaterial for any purpose," on the theory that the issue in the case was whether there was a gift to the defendant "so whatever the relation might have been many years prior, of course, wouldn't have any bearing in establishing whether or not there was a gift of $400 and interest." There was no error in this. The defendant had the right, under the issues framed, to show if he could, that the money he received from his mother was money which was owing to him. To to this he was required to show why the money was owing to him and that it had been received by his father and not delivered to him. This was not testifying as to any transaction had with the decedent and so was not barred by subdivision 2 of § 7871. It referred to transactions had between him and his father. The father was dead, but the estate of the father was not a party to the action. The defendant then testified that his father received all of the exemptions, that $500 of the exemptions belonged to the defendant, and that the check introduced in evidence was for payment to the father of these exemptions. This was proper.

After tracing the exemptions into the hand of his father the defendant then testified that this money was turned over to his mother and that the mother, in later giving him the money, was giving him simply what belonged to him.

It is the claim of the defendant that, after the plaintiff called and examined him as hereinbefore set forth, he had the right to explain the testimony which he had given. The plaintiff says defendant was called under the provisions of § 7870 of the statute providing that "a party

to the record of any civil action . . . may be examined upon the trial thereof as if under cross-examination at the instance of the adverse party . . . and for that purpose may be compelled in the same manner and subject to the same rules for examination as any other witness to testify. . . ." The record in plaintiff's case does not show this. The claim was advanced during the presentation of defendant's case, and while plaintiff was invoking the statute. However defendant seems to have recognized this for his counsel made no attempt to examine him during plaintiff's case.

Calling for cross-examination does not continue the bar; it merely provides that the party calling the witness is not bound by his testimony. It does not affect the status of the witness but permits a rebuttal of the same. As stated in Allen v. Shires, 47 Colo. 433, 107 Pac. 1071, it is immaterial whether the plaintiff calls the witness as his own witness or for cross-examination under the statutes; the court saying "the purpose for which he is called makes no difference in the application of the principle." There is nothing in the statute which says the party called by the "opposite party" must confine himself to that part of the transaction regarding which he was interrogated. When once questioned regarding any portion of the transaction he becomes a competent witness as to all of the transaction, subject to the same rules and objections which apply to any testimony offered. If thus called for cross-examination the counsel for defendant was not in position to examine him at that time and could not examine him until the plaintiff rested and the defendant opened his case; but there is no rule as to when the further examination must be had. When the defendant went on the stand in his own behalf he had a right to present testimony relative to the matters of which the plaintiff had inquired when he was under cross-examination. Plaintiff had asked him on cross-examination if the money had been repaid; he stated that any balance remaining unpaid was a gift. He was asked if he had actually paid it back; he was asked if the check represented a loan which the mother made; he did not admit and would not admit it was a loan, but stated it was the money he got from her.

"Transactions" embrace every variety of affairs which conforms to the subject of negotiations, interviews, or actions between the par-

ties, and include every method by which one person can derive impressions or information from the conduct, condition or language of another. Bright v. Virginia & G. H. Water Co. (C. C. A. 9th) 270 Fed. 413. " 'Transaction' . . . embraces an entire occurrence, out of which a legal right springs, or upon which a legal obligation is predicated." Haut v. Gunderson, 54 N. D. 826, 829, 211 N. W. 982.

In construing the term "transaction," under objections to a person testifying thereto, the courts are careful to include any and all things relating to or connected with any negotiation, action, contract, or business between the witness and the decedent, which became connected with the lawsuit; and to give effect to such statutes as the one involved, shut out any and all relevant testimony within this scope. In Cardiff v. Marquis, 17 N. D. 110, 114 N. W. 1088, we held that a party testifying as to the "contents of lost letters written or received by the witness to or from such deceased person" was testifying as to the transaction upon which the alleged trust was based and statements made therein. In Regan v. Jones, 14 N. D. 591, 595, 105 N. W. 613, we held the party could not even testify that a note given the decedent was the only transaction he had with him. In Druey v. Baldwin, 41 N. D. 473, 172 N. W. 663, 182 N. W. 700, we held where a party was rendered incompetent to testify to the delivery of a deed he was incompetent to testify "as to the possession of the same," as it all related to the transaction with the deceased. In Schoenherr v. Henschel, 57 N. D. 146, 220 N. D. 837, we held that the plaintiff in an action against her brother's heirs, could not testify even as to what the decedent, her brother, said to her about keeping the land for her. In Jones v. Subera, 25 S. D. 223, 126 N. W. 253, the party was not allowed to testify that lands which stood in the name of the decedent had ever belonged to him, when the action was commenced to impress a trust on personalty resulting from the sale of these lands, as this was calling for testimony as to a transaction with the decedent, though not the transaction involved in the suit. The bar is to "any transaction whatever."

Hence "effecting a novation of notes, whether by word of mouth or through correspondence" is a transaction, and therefore a party may not testify that he had received a letter, written by the deced-

ent, and which was lost, or to state the contents. See Montague v. Thomason, 91 Tenn. 168, 18 S. W. 264. The court held it was both a statement and a transaction, as the defense claimed the note in suit had been paid by the giving of another note. The statute of disqualification is set forth in the opinion and is identical with ours. The defense to the whole "transaction" was a "novation" but the letter was merely one of many incidents connected therewith.

In Garwood v. Schlichenmaier, 25 Tex. Civ. App. 176, 60 S. W. 573, it is held that a doctor, in an action brought against the estate of a decedent for fees, was testifying to a transaction when he testified in an attempt to prove his services.

In Kentucky Utilities Co. v. McCarty, 169 Ky. 38, 183 S. W. 237, an action brought because of the death of a boy, testimony by the father that he had sent word to the employer by the decedent that he was unwilling to have the boy continue in the work was held to be testimony regarding the transaction.

In Robertson v. O'Neill, 67 Wash. 121, 120 Pac. 884, a statement by plaintiff that decedent checked over items in a ledger which had been kept by plaintiff for deceased, approved them and said they were correct, is relating part of the transaction in a suit against the estate for services and money advanced, even though the ledger is shown to be part of the books of decedent and is admissible to show plaintiff's account.

The plaintiff sought to invoke the bar of sub-division 2 of § 7871. While subdivision 2 of § 7871 is for the protection of the estate, nevertheless this provision may be waived, and it is waived when the party calls the adverse party and examines him along the line which would be shut out by the provisions of this statute.

A "transaction" which renders a person incompetent to testify is also a "transaction" regarding which he may testify when called by the opposite party. If the facts stated in the cases cited could not be shown because they were parts of "transactions," then calling the adverse party to testify to such acts would be calling him to testify "thereto" that is, to the transaction.

In Fox v. Barrett's Estate, 117 Mich. 162, 75 N. W. 440, claimant was being cross-examined by counsel for the defendant and improper-

ly was examined "upon a subject foreign to his direct examination." It was not proper "because it related to matters which he had not attempted to testify about, and which the law did not permit him to relate without the consent of the opposite party." Held, this was calling him to testify to the contract involved "so that claimant on redirect could testify" as to the terms of the agreement upon which his claim was founded, though this was an agreement different from the one upon which the defendant relied. This was because it related to the transaction—both agreements being part of one "transaction."

It is clear the transaction between the defendant and the decedent, which is the subject of the action, was what the plaintiff called a loan made by the decedent to the defendant and which the defendant said was a payment or delivery of money which in fact really belonged to him, and which had been turned over to his mother by his father. The transaction involved in this case was the whole matter dealing with the transfer of this money from the mother to the son and whether it was a loan, a payment or a gift, and what she said about it. The plaintiff called the defendant to testify as to this transaction with his mother. It is true the plaintiff only went into a portion of the transaction—the delivery of the money to the son—its nonreturn, and whether it was due her—but he called him to testify regarding this transaction. The bar in the statute is directed merely to a transaction had with the decedent. The defendant was not an incompetent witness in the case.

He is not barred entirely—merely as to "any transaction whatever with or statement by" the decedent. Therefore the principle enunciated by the Colorado court hereinafter cited holds good thereto. If, in cases where the bar is to the testimony of the witness in its entirety the calling of the witness waives such bar, then, under a statute where the bar extends merely to some of the proferred testimony, the calling of him with reference to any portion of the subject of such testimony removes the bar.

"The privilege of objecting is waived when the representative calls such party as an adverse witness." 5 Jones, Ev. 4421. "Once called in this manner the adverse party may testify to the entire transaction." 5 Jones, Ev. 4422. He could testify as to any thing affecting

the subject matter of the suit except a transaction with the decedent. Omlie v. O'Toole, 16 N. D. 126, 135, 112 N. W. 677. Under the provisions of § 7871, "no person offered as a witness in any action or proceeding in any court, . . . shall be excluded . . . by reason of such person's interest in the event of the action. . . ." But if "called to testify thereto by the opposite party" then this bar is removed. It will be noted that if "called to testify *thereto*," that is as to the transaction, the bar is removed. As soon as the plaintiff called him to testify regarding any part of the transaction then the defendant became a competent witness to testify regarding the transaction in its entirety. In Alabama the statute says: "No person having a pecuniary interest in the result of the suit . . . shall be allowed to testify against the parties to whom his interest is opposed, as to any transaction with or statement by the deceased person whose estate is interested in the result of the suit or proceeding, . . . unless called on to testify thereto by the parties to whom such interest is opposed," etc. In German v. Brown, 145 Ala. 364, 39 So. 742, the plaintiff was executrix of the estate of one Verchot, deceased, and brought action against the defendants, four in number, to recover for moneys which they as lawyers had collected for the decedent and retained as fees. They claimed this under parol contracts made with the decedent in his lifetime. The plaintiff propounded interrogatories to each defendant, in advance of trial, asking each "when and by whom were you employed to conduct a cause in the chancery court . . . against . . . ?" Each answered he was employed by the defendant, giving the date. This was the sum total of the examination. On the trial of the case plaintiff introduced the answers to these interrogatories and then defendants sought to testify as "to the terms of the contract of employment as agreed upon by Verchot and them; in other words to testify to what was said by and agreed to between Verchot and them with respect to the employment." The trial court allowed this and plaintiff alleged it as error. The supreme court said:

"The appellant insists that the interrogatories called for no part of the transaction, no term of the contract, and no part of a conversation, and therefore the defendants should not have been allowed to testify to the terms of the contract as they did. We cannot well conceive how

there would be an employment without involving a transaction, and even a conversation. Employment involves a contract—the bringing together of the minds of two or more persons in agreement. It is true the question assumed that the parties were employed, and in form simply asks by whom the employment was perfected. But in effect it called for the fact of employment. It was necessary, as the plaintiff no doubt discovered, to show that the defendants were employed by her testator, and proving it by the defendants, and introducing their answers in evidence, she received all the benefit that could legitimately follow proof of that fact. Notwithstanding the form of the question, we think it and the answers thereto necessarily involve a transaction with the deceased. . . .

"If the plaintiff had on the trial called the defendants as witnesses and asked them the question involved here, and they had given answers that they were employed by the plaintiff's testator, it seems that the defendants could on cross-examination properly have testified to the terms of the employment."

In Duvall v. Hambleton, 98 Md. 12, 55 Atl. 431, the court held that where the administrator called the son "to testify to an agreement between him and the intestate," he was thus rendered a competent witness. It was not the extent of his testimony that made him a competent witness, it was the calling to testify as to a transaction which removed his incompetency. To permit the party for whose benefit the statute is enacted to call a witness and interrogate him on some transaction pertinent to the issue and then limit him to that part of the transaction regarding which he testified would be giving an unfair advantage to the representative of the decedent. It would be turning that which was intended as a shield for defense into a sword for attack and would render the adversary helpless. If 'the party to the action desire to have the protection afforded to him he must not call the opposite party to testify regarding any part of that transaction or statement, unless he be willing said party have an opportunity to explain every portion of that transaction which is pertinent to the issue in the case. In Zackheim v. Zackheim, 75 Colo. 161, 225 Pac. 268, one claiming to be a widow filed a claim in the settlement of an estate. She was called by the defendant—the opposite party—"as an adverse witness for cross-

examination under the statute." The court says: "Thereupon her attorney claimed the right to have her 'go into this whole transaction.' Over objection the court limited her testimony to the cross-examination." This is the contention which the plaintiff makes here, that all the defendant could do was to give testimony regarding the questions asked him upon the witness stand. The Colorado court says:

"Plaintiff could not voluntarily testify. Her lips were closed by our statute, which provides that no party to an action may testify of his own motion where an adverse party sues or defends as administrator. ·. . . She was called by the administrator under the provisions of the statute which permits the interrogation of an adverse party as on cross-examination. . . . This removed the bar and made plaintiff a competent witness 'for all purposes.' "

Further, quoting from the Colorado decision:

"When such witnesses are called by the adverse party the 'inhibition of the statute is removed and they become competent to testify as fully as any other witness in the case.' . . . He for whose protection the statute was enacted may not juggle with it. He may not claim it in part and waive it in part as suits his convenience. Otherwise this act, passed for the purpose of preventing fraud might become the instrument of fraud."

The plaintiff objected to the wife of defendant testifying because she was interested in the outcome of the suit, but the bar does not affect such interested parties. The wife could testify. Guillaume v. Flannery, 21 S. D. 1, 108 N. W. 255.

This case was tried to the court without a jury, and findings made by the trial court. Plaintiff says these findings are not sustained by the evidence. Without setting out these findings in full it is sufficient to say that if supported by the evidence they are ample to sustain the judgment. Plaintiff contends the evidence does not show a gift or completed settlement; that at the very best it shows a mere intention to make a gift, and that a gift "first asserted after death of the donor is regarded with suspicion by the courts." Numerous cases are cited in support of this theory and reference is had to § 5539 of our Code. The burden of proof is upon the plaintiff to show a loan, and the mere

tracing of a $500 check into the hands of the defendant did not establish a loan, or a gift, or a payment of an account. There is not a word of testimony as to the purpose of the delivery of this check except such as defendant gives.

We have already set forth all of the plaintiff's case. It is doubtful if the plaintiff were entitled to any judgment, had the defendant submitted the case on that testimony. The delivery of the check to the defendant was not sufficient for judgment against him in the face of his statement that it was a settlement of accounts. Nowhere did he admit there was a loan made to him, in fact when asked whether the check represented the "loan which your mother made to you" he answered that it was "the money I got." Irrespective of this however, there is the testimony of the defendant, his wife, his mother-in-law, and his sister-in-law to the effect that the mother expressly said any amount which she had given to him was to be kept by him as he had not received his money. There is no denial of this testimony. Plaintiff produced witnesses for the purpose of showing some action or statement of the mother made at a later time which might be said to question whether she had really considered the accounts closed and any sum due from him given to him as a cancellation of any indebtedness which defendant may have owed her. The trial court found specifically that the mother intended a settlement, that the accounts were offset, and the transaction closed. Plaintiff's case is based on the theory of a loan. Nowhere does plaintiff dispute defendant's statement that the $500 exemptions due him were paid to his mother, were turned over by her to him later, and that the check really represented that $500. There is ample evidence to sustain the findings and so the judgment is affirmed.

Burke, Ch. J., and Nuessle, Birdzell, and Christianson, JJ., concur.